(No. 33875.—

ANNA C. SWENSON, Appellant, *vs.* THE CITY OF ROCKFORD,
Appellee.

*Opinion filed May 23, 1956—Rehearing denied September 24, 1956.*

DAVIS, J., took no part.
HERSHEY, C.J., dissenting.

IRVING M. GREENFIELD, of Chicago, and HENRY H. CALDWELL, of Rockford, for appellant.

ANGELO N. GAZIANO, and LAVERNE ANDERSON, both of Rockford, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action commenced in the circuit court of Winnebago County by Anna C. Swenson, as plaintiff, against the city of Rockford, as defendant, to recover damages for an injury to her person, sustained when she fell on June 13, 1953, while walking along a cement sidewalk in front of a grocery store on the east side of Main Street in the city of Rockford.

The issues made by the pleading were submitted to the jury, resulting in a verdict in favor of plaintiff for $15,000 and defendant appealed to the Appellate Court, Second District.

The facts, which are not in dispute, are set forth in the opinion of the Appellate Court as follows:

"The plaintiff was the only occurrence witness. She testified that she was sixty-six years of age at the time of the accident, and only wore glasses to read and sew and did not have them on when she left her home between three and four o'clock of the afternoon of June 13, 1953, to go to the Galluzzo Grocery and Market, located at 1418 South Main Street in Rockford. The plaintiff and her husband lived at 1423 Rock Street, which was one block east of the grocery, and had lived there for ten years prior to the date of the accident. In order to reach the grocery, she went out the back door of her house and walked through an alley between a building occupied by a laundry just south of the grocery and went around the west end of the store building on a concrete sidewalk. She testified she had traveled this course from her home to the grocery

store four or five times a week for ten years, and upon her first trip to the grocery, on the afternoon of June 13, 1953, she saw the crack in the sidewalk where she fell and had also observed the place where she fell 'before June 13, 1953, for quite awhile.' She was wearing white low-heeled shoes and, without any mishap, entered the grocery, made her purchase, and returned to her home. When she arrived home she discovered she had forgotten to purchase some article and immediately returned to the store by the same route. She testified that the weather was pleasant and it was a clear, sunny day.

"After testifying that she had noticed this long crack in the cement sidewalk not only on her previous trip to the grocery that afternoon but also on other occasions, the plaintiff was then asked by her counsel on direct examination: 'Did you fall down any place near a grocery store, Mrs. Swenson?' and her answer was, 'Yes, I did.' She was then asked: 'And when did you fall?' and she replied: 'When I went to the grocery store I noticed this long crack in the sidewalk which had made the sidewalk fall down forming a ridge, and on the end of this ridge was a hunk of cement. When I went to go into the grocery store, I went to go over this ridge and my foot slipped off that ridge that I knocked my foot into that piece of cement and went off balance and fell on my right side.' She further testified that after she fell she laid on the sidewalk about a minute and then got up and walked into the grocery and later walked back home.

"On cross-examination, plaintiff testified that at the time she fell she was walking no faster than usual and as she came around the corner of the building on her way to the store the second time that afternoon, she saw the ridge in the pavement and as she proceeded she placed her left foot on the ridge and her foot slipped off the ridge, which she estimated to be about two inches, and she fell. She further testified that she had seen this ridge before but

had never stumbled there prior to the afternoon of June 13, 1953.

"The plaintiff's husband, Hjalmar Swenson, testified that he was a painter by occupation and that he and his wife, on June 13, 1953, were living just across the alley from 1418 South Main Street; that he was familiar with the locality and the streets and sidewalks at that address and that he had had occasion to walk upon the sidewalk in question two, three, or four times a week for ten years prior to June 13, 1953. He further testified that there is a crevice or drop in the sidewalk there of two and a half inches and identified four photographs taken a few weeks after the accident and indicated thereon the crevice he testified about, and his testimony is that this condition had existed for over two years prior to June 13, 1953. These photographs were admitted in evidence, and, when shown to the plaintiff, she indicated on each of them the location of the spot where she fell.

"Mamie Galluzzo testified on behalf of the defendant to the effect that she and her husband operated the Galluzzo Grocery at 1418 South Main Street and had operated it seven years prior to June 13, 1953; that the plaintiff was a frequent visitor and patron of the grocery store, coming there three or four times every week; that on the afternoon of June 13, 1953, she came to the store, purchased some groceries and left, later returning to buy some groceries which she had forgotten; that the return trip was made about one half hour after she bought the first groceries; and that before she came into the store the second time to purchase the items which she had forgotten, she fell. This witness further testified that prior to the time the plaintiff fell, the witness had had no occasion to notice the sidewalk in front of her store, but after plaintiff had fallen she 'went out and looked at the sidewalk and saw a little bump. It was about an inch and a half or something like that. I really don't know, cause I never measured it.

The bump was caused by the fact that the sidewalk was cracked, but I never noticed it prior to that time.'

"Joseph Bruno also testified on behalf of the defendant to the effect that he was superintendent of streets of Rockford and that his records did not disclose that any report had ever been made to the City of any defective conditions in the sidewalk in front of 1418 South Main Street.

"Other than the plaintiff's testimony as to the injuries she received as a result of this accident and the medical testimony none of which is abstracted, the foregoing is a fair resume of the evidence found in this record." 7 Ill. App. 2d. 72.

The errors relied upon for reversal in the Appellate Court were: (1) the refusal of the trial court to direct a verdict in favor of defendant at close of the plaintiff's case; and, following the return of the verdict, (2) its failure to sustain defendant's motion for judgment notwithstanding the verdict.

The Appellate Court found the plaintiff guilty of contributory negligence as a matter of law and reversed the judgment of the circuit court of Winnebago County. We have granted leave to appeal to review the judgment of the Appellate Court.

The sole question presented by the record in this court is whether or not, as a matter of law, the plaintiff was guilty of contributory negligence as caused the accident and injury to herself.

Such contributory negligence is said to consist in the facts, first, that the plaintiff admitted she had travelled the course from her home to the grocery store four or five times a week for ten years; second, she had previously observed the place where she fell in June 1953; third, the weather was pleasant and a clear, sunny day; fourth, a few minutes before her accident, she had been to the grocery store and had noticed the crack in the sidewalk; and fifth, she saw the ridge in the pavement before she fell and still,

after seeing it, she proceeded to place her left foot on the ridge.

The use of a defective sidewalk by a person who has knowledge of the defect is not contributory negligence *per se,* and if, while walking upon that sidewalk, such person is in the exercise of ordinary care for his or her safety, there may be a recovery in case of an injury. (*Wallace* v. *City of Farmington,* 231 Ill. 232; *City of Mattoon* v. *Faller,* 217 Ill. 273.) Ordinary care has been defined to be that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. *Austin* v. *Public Service Co. of Northern Illinois,* 299 Ill. 112.

In *Village of Clayton* v. *Brooks,* 150 Ill. 97, this court said: "The law is, we think, well settled, that knowledge of the defect in the sidewalk, by the person injured, before he goes upon the same or before injury, does not *per se* establish negligence on his part. * * * 'It is plain that one may exercise due care with full knowledge of the danger to which he is exposed or to which he lawfully exposes himself. This certainly is not contributory negligence.' " In the same case (p. 106,) it was said, quoting from Sherman & Redfield on Negligence: "The mere fact that a traveler is familiar with the road, and knows of the existence of a defect therein, will not impose upon him the duty to use more than ordinary care in avoiding it. * * * Such knowledge is a circumstance, and perhaps a strong one, but it should be submitted, with the other facts of the case, to a jury, for them to determine, whether, with such knowledge, the plaintiff exercised ordinary care in proceeding on a way known to be dangerous, or, in proceeding, used ordinary care to avoid injury."

To be guilty of contributory negligence as a matter of law it must appear that all reasonable minds would agree that assuming the facts as presented by the plaintiff and all reasonable inferences that may be drawn therefrom in her favor, plaintiff is nevertheless guilty of contributory

negligence. *Stevenson* v. *Byrne*, 3 Ill. App.2d 43; *Yess* v. *Yess*, 255 Ill. 414; *McCune* v. *Reynolds*, 288 Ill. 188; *Roadruck* v. *Schultz*, 333 Ill. App. 476; *Blair* v. *Blair*, 341 Ill. App. 93.

Whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact for a jury. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. (*Shepard* v. *City of Aurora*, 5 Ill. App.2d 12; *Ziraldo* v. *Lynch Co.* 365 Ill. 197.) The ultimate fact submitted to the jury in this case, in respect to the matter under consideration, was whether the plaintiff was guilty of contributory negligence, and the fact that she walked over a defective sidewalk, with knowledge of its unsafe conditions, was a circumstance proper to be shown, as tending to establish such negligence. It was an evidentiary fact and as such was properly allowed to go to the jury as having a tendency to prove the ultimate fact in question.

After reviewing the record in this case, we believe the jury could properly find, under all the circumstances, that the plaintiff was not guilty of contributory negligence. It appears that plaintiff was walking at a normal rate of speed, not hurrying or running; evidently not inattentive or heedless of what she was doing and where she was going; that the particular place where she was walking is a regular part of the traveled public sidewalk and she had a right to be where she was. Though she was not looking down at the precise moment of the incident, she was not necessarily required, as a matter of law, to be looking down at that exact moment, although that circumstance might properly be considered by the jury, with all the relevant circumstances in evidence, in reaching its determination as to due care. The particular path of travel she was following was the same taken for many years. She was not loaded down with heavy or bulky bundles or parcels in her

arms which might have impeded her progress, impaired her vision or distracted her attention.

We cannot say that the verdict of the jury was clearly unwarranted by the evidence and we are therefore not disposed to disturb it.

The judgment of the Appellate Court will be reversed and the judgment of the circuit court of Winnebago County is affirmed.

*Appellate Court reversed; circuit court affirmed.*

Mr. JUSTICE DAVIS took no part in the consideration or decision of this case.

Mr. CHIEF JUSTICE HERSHEY, dissenting:

I am convinced the plaintiff did not have a just claim against the city.

The sidewalk defect complained of was very minor in character. The plaintiff estimated the ridge to be "about two inches," while another witness said it was just a "little bump." Moreover, the plaintiff saw the ridge, but deliberately stepped on it.

The duty of a city is to exercise reasonable care to keep its sidewalks in a reasonably safe condition for ordinary use by persons exercising due care and caution for their own safety. It is not obliged to be an insurer against sidewalk mishaps.