(No. 38568.—

SAMUEL JINES, Appellee, *vs.* THE GREYHOUND CORPORA-
TION, Appellant.

*Opinion filed May 20, 1965.*

HOUSE, J., dissenting.

EARLE C. HURLEY, HAYES KENNEDY, RYAN, CONDON &
LIVINGSTON, and LOUIS P. MILLER, all of Chicago, for ap-
pellant.

PHILIP H. CORBOY, of Chicago, and ALFRED Y. KIRK-
LAND, of Elgin, for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

This personal injury action, brought by Samuel Jines in the municipal court of Evanston, resulted in a $400,000 verdict against the defendant, The Greyhound Corporation. The Appellate Court, First Judicial District, affirmed (*Jines v. Greyhound Corp.* 46 Ill. App. 2d 364,) and we granted leave to appeal.

Plaintiff sustained severe injuries as the result of an accident which occurred when defendant's bus struck the rear of a stalled automobile in which plaintiff was sitting at 10:30 in the evening, March 16, 1961, on U.S. Highway 20 just west of Elgin. On the evening of the accident, plaintiff, together with his brothers, Harry and James, and a friend, Dennis McKiness, went for a ride in a 1950 Mercury automobile recently purchased by James for $62.50. It was a clear, cold night and the roads were dry. About 9:30 P.M. while they were driving east on U.S. Highway 20, a straight blacktop road, 24 feet wide, the car stalled on the highway. They pushed it on to the shoulder, and shortly thereafter a passing motorist, Jay C. Black, gave them a push for 2 or 3 miles in a futile attempt to start the car. The plaintiff and James Jines testified that they again pushed the car off the highway, but the motorist who gave them a push said the car came to a stop on the shoulder. Another motorist pushed the car about ¾ of a mile, but it again failed to start. This time the car came to rest in the east-bound lane of U.S. 20 and plaintiff and his brother James testified that they attempted to push the car off the highway, but were unable to move it as a wheel brake appeared to be "frozen".

A truck driver, who passed the stalled car shortly before the accident, and the defendant's bus driver testified that there were no lights on the car, that no one was flagging traffic, and that there was no flare anywhere around the vehicle. The bus driver further testified that when he saw the stalled vehicle he was traveling about 45 miles per hour,

and that he slowed down and was about to turn into the westbound lane to pass the car when he noticed someone moving into and across the westbound lane toward the north. To avoid hitting this person, he kept the bus in the eastbound lane and attempted to stop, but was unable to do so before hitting the car.

Plaintiff and his brother James testified that the latter had stuck a burning flare into the center of the highway about 25 feet behind the car where James was flagging traffic. The four occupants had been out of the car some 15 minutes or more when plaintiff got back into it. He testified he re-entered the car to see if he could find a flashlight and to dry his legs. Plaintiff said he could see that the car's headlights were on, but he did not know about the taillights, or the flare, or whether anyone was flagging down traffic at the time of the impact. James Jines testified that the taillights were operating and that he was about 25 feet west of the car attempting to flag down traffic at the time of the accident, but that the flare which was burning when plaintiff got into the car went out before the accident occurred. A disinterested witness, Black, testified that the headlights and taillights were on and working at the time he pushed the car prior to the collision.

On this appeal from the unanimous decision of the Appellate Court, defendant strongly urges that the facts show that plaintiff was guilty of contributory negligence as a matter of law. At the request of the defendant, this question was propounded to the jury by a special interrogatory, "Was the plaintiff, Samuel Jines, in the exercise of ordinary care for his own safety at and immediately prior to the time of the occurrence in question?" The jury answered the interrogatory in the affirmative, and the trial court denied the post-trial motion of defendant specifically raising this contention.

Ordinarily contributory negligence is a question of fact to be decided by the jury, but it becomes a question of law

when it can be said that all reasonable minds would reach the conclusion that the facts did not establish due care and caution on the part of the plaintiff. (*Zank* v. *Chicago, Rock Island and Pacific Railroad Co.* 17 Ill.2d 473; *Tucker* v. *New York, Chicago and St. Louis Railroad Co.* 12 Ill.2d 532; *Geraghty* v. *Burr Oak Lanes, Inc.* 5 Ill.2d 153; *Illinois Central Railroad Co.* v. *Oswald,* 338 Ill. 270; *Wilson* v. *Illinois Central Railroad Co.* 210 Ill. 603; *Beidler* v. *Branshaw,* 200 Ill. 425.) In determining whether plaintiff was contributorily negligent as a matter of law, the testimony favorable to plaintiff must be taken as true. *Geraghty* v. *Burr Oak Lanes, Inc.* 5 Ill.2d 153; *Sims v. Chicago Transit Authority,* 4 Ill.2d 60; *Seeds v. Chicago Transit Authority,* 409 Ill. 566.

In the case at bar we must therefore assume, from the evidence most favorable to plaintiff, that when he re-entered the car the headlights and taillights were on; and there was a lighted flare in the highway, 25 feet behind the car. The car had a white trunk and top. The highway was straight and level and visibility was good. His brother was behind the car attempting to direct traffic. He was aware that about eight cars had encountered no difficulty in passing the stalled car and one truck driver had stopped to give the boys a flare. There was adequate room to pass the vehicle on the left.

Under these circumstances the plaintiff left a place of comparative safety to re-enter the car for the dual purpose to dry his legs and to look for a flashlight. Based upon these facts we do not believe that all reasonable men would agree that plaintiff's re-entry was an act of contributory negligence as a matter of law. We think one could say that under all the facts and circumstances, this plaintiff acted reasonably in returning to the car to obtain a flashlight to better protect himself and the public from the danger created by the stalled car on the highway. While this case presents a close question of liability, we believe that reasonable men could reach the same conclusion reached by this jury, the

trial judge, and the appellate court. We therefore hold that the question of plaintiff's due care in this case was a question of fact to be presented to the jury. It was for them to decide if plaintiff acted unreasonably under all the circumstances of this case. *Hatcher* v. *New York Central Railroad Co.* 17 Ill.2d 587; *Swenson* v. *City of Rockford*, 9 Ill.2d 122.

Defendant insists, however, that the decision in *Illinois Central Railroad Co.* v. *Oswald*, 338 Ill. 270, requires an opposite result. We do not agree. The court there held that plaintiff was guilty of contributory negligence as a matter of law because she walked on a bridge between two cars to the rear of her car well knowing that there was traffic and that she could neither see nor be seen by approaching cars. The plaintiff admitted, "It was done carelessly. I see that now. I did know it at the time."

In the present case the plaintiff entered a lighted car protected by a flare and a person flagging traffic, and he knew that several other motorists had passed successfully. This presented a fact question which the jury and the appellate court have resolved in favor of the plaintiff. It is not our province to again weigh the evidence and substitute our judgment for that of the court and jury below.

We also concur with the appellate court's determination that the evidence supported the verdict in all other respects.

An essential part of plaintiff's theory was that the plaintiff and his associates were unable to push the stalled car off the roadway. In support of this theory, plaintiff introduced the testimony of George Boothby, who testified as an expert that the brake drum on the left rear wheel was locked or "frozen solid." The accident occurred on March 16, 1961, when the car was thrown off the road and partially destroyed by fire. Thereafter it was moved twice and the rear wheels were pulled over several miles of pavement. It was left in open lots unattended from the time of the acci-

dent until May 15, 1961, when it was taken to Boothby for examination. The brake drum, which was in the custody of the plaintiff, was not produced at the trial for the reason that it had been lost or misplaced.

We feel that the admission of Boothby's testimony over repeated objection was erroneous because of the failure to lay a proper foundation to show with reasonable certainty that the condition of the brake drum when examined by Boothby was the same as it was prior to the accident. *Paul Harris Furniture Co.* v. *Morse,* 10 Ill.2d 28; *Rotche* v. *Buick Motor Co.* 358 Ill. 507.

We, therefore, conclude that the judgment of the appellate court must be reversed and the cause remanded to the trial court for a new trial.

*Reversed and remanded.*

Mr. JUSTICE HOUSE dissenting.