JIMMIE LEE MOREHEAD, Plaintiff-Appellant, *v.* MAX MAYRON *et al.,* Defendants-Appellees.

(No. 54463; ▮▮▮▮▮▮▮▮▮▮)

First District—February 3, 1972.

426

Gomberg, Missner & Schaps, of Chicago, (Sidney D. Missner and John M. Murtaugh, of counsel,) for appellant.

Canel & Canel, of Chicago, (Erwin I. Katz, of counsel,) for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In this personal injury case the jury returned a verdict for the plaintiff, Jimmie Lee Morehead. The trial judge set aside the verdict and entered judgment for the defendants from which the plaintiff appeals.

The plaintiff and her husband were the tenants of a second floor apartment in a three-story building owned by the defendant, Max Mayron, and managed by the co-defendant, A. M. Shavin & Associates, Inc. Shortly after moving into the apartment the plaintiff noticed that a section of

carpeting on the second floor landing was worn through to the wood. She reported this condition to the manager on at least two occasions when she paid her rent. Her husband frequently mentioned the torn carpet to the janitor. Although the janitor agreed to make the necessary repairs, nothing was done prior to the date of the plaintiff's injury. Other witnesses corroborated the Moreheads' testimony about the carpet being torn.

On a late afternoon in March the plaintiff left her apartment and walked the few feet to the descending stairs. As she reached the stairs she placed her right hand on a post at the top of the railing and looked down the stairway; she took a step, caught her left toe upon the torn carpeting and fell down the stairs.

■■■ The defendants do not seriously contest the proof of their own negligence but argue that the judgment notwithstanding the verdict was properly entered because the plaintiff, as a matter of law, failed to exercise due care for her own safety. Due care is that degree of care which ordinarily prudent persons would use under the same or similar circumstances. Contributory negligence is ordinarily a question of fact for the jury. (*Jines v. Greyhound Corp.* (1965), 33 Ill.2d 83, 210 N.E.2d 562.) What evidence constitutes contributory negligence is determined by the facts and circumstances of each case. (*Murad v. Witek* (1964), 48 Ill.App. 2d 137, 199 N.E.2d 809.) For contributory negligence to be found as a matter of law it must be shown that all the evidence bearing upon the plaintiff's negligence when viewed most favorably towards her so overwhelmingly establishes negligence that no verdict in her favor could ever stand. *Moore v. Checker Taxi Company, Inc.* (1971), (Ill.App.2d), 273 N.E.2d 514.

■■■ The defendants emphasize that the plaintiff, although knowing the carpet was torn and having walked over it each day for three or four months, walked upon it the day she fell without looking at it. However, it has been held that the actions of pedestrians, both in walking upon a defective sidewalk with knowledge of its unsafe condition and in momentarily failing to look at known irregularities which caused them to fall, present factual questions to be considered by the jury in determining contributory negligence. (*Swenson v. City of Rockford* (1956), 9 Ill.2d 122, 136 N.E.2d 777; *Scoggins v. Village of Hartford* (1970), 128 Ill.App. 2d 228, 262 N.E.2d 97.) Therefore, the fact that the plaintiff knew the carpeting was torn but continued to walk in that area did not establish her contributory negligence as a matter of law. *Contra: Fonyo v. Chicago T. & T. Co.* (1938), 296 Ill.App. 227, 16 N.E.2d 192.

■■ There were additional evidentiary factors for the jury's consideration. The plaintiff was not hurrying. She was not carrying bundles or

parcels. She was using the only direct exit to the street. The hallway was illuminated solely by the dim March light which entered through a dirty window midway between the first and second floors. The wooden stairs were bare. The hole in the carpet was several inches wide and was at the edge of the stairs. Under these circumstances the plaintiff was not guilty of negligence *per se* in looking at the stairs and not at the carpeting.

Whether her conduct was factually negligent was properly submitted to the jury. Not only did the jury return a verdict in her favor but it found in a special interrogatory that at the time of the occurrence she was using ordinary care for her own safety. There was sufficient evidence of the plaintiff's lack of contributory negligence to justify the jury's findings. Its verdict should not have been set aside and judgment should not have been entered for the defendants.

The judgment is reversed and the cause remanded with directions to reinstate judgment for the plaintiff.

Reversed and remanded with directions.

McGLOON, P. J., and McNAMARA, J., concur.