DOROTHY D. DAKOVITZ, a/k/a DOROTHY D. DAY, *et al.*, Plaintiffs-Appellants, *v.* ARROW ROAD CONSTRUCTION COMPANY *et al.*, Defendants-Appellees.

(No. 73-252;

Second District (2nd Division)—March 7, 1975.

Alexander J. Ross and Sam F. Adler, both of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, and Corrigan, Mackay, Quetsch & O'Reilly, of Wheaton, for appellees.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from a summary judgment for the defendants, Arrow Road Construction Company, a corporation, hereinafter referred to as "Arrow" and R. W. Dunteman Company, an Illinois corporation, hereinafter referred to as "Dunteman." This is a suit for personal injury and wrongful death arising out of an automobile accident. The plaintiffs are the mother, on her own behalf and the father, as administrator of the estate of their child, Rosemary, and as father and next friend of their child, Jean.

The plaintiff, Dorothy Dakovitz, with her two young children, Rosemary and Jean, was driving her automobile in an easterly direction on

Route 64 (North Avenue) approaching the intersection of Goodrich Avenue in Glen Ellyn, Illinois, when her vehicle left the pavement, ran several hundred feet along the shoulder of the highway and then crossed over into the westbound lane of the highway and collided with two other cars, causing the death of her child, Rosemary, and personal injury to herself and her child, Jean.

Inasmuch as this is an appeal from a summary judgment, the pleadings are of critical importance, and certain language therefrom will be quoted verbatim. The complaint alleges that at the time of the accident the defendants, road contractors, were performing a contract with the State of Illinois "to repair, widen and resurface Illinois Route 64 between Illinois Route 59 and Villa Park, Illinois, and more particularly Illinois Route 64 which included the intersection of Goodrich Avenue as aforesaid." The complaint goes on to allege that:

> "[I]n pursuance of the work they contracted to perform, [defendants] did negligently and carelessly create divers large holes, depressions, irregular road payments [sic] and did tear up divers parts of the road pavement and did otherwise negligently and carelessly excavate and permit said pavement to become in great disrepair, all in violation of their duty to exercise reasonable care in and about the maintenance and control of said public highway while said pavement was being repaired and resurfaced."

The complaint also alleges that the defendants violated certain statutes in failing to erect suitable signs and barriers along the portion of the road being repaired and resurfaced warning that said portion of the highway was closed or unsafe for travel.

It is alleged by the plaintiffs that because of the defendants' negligence as indicated above, the plaintiff's car was "caused to and did run into, upon and over a certain depression, dugout, hole, excavation or otherwise irregular highway in a disrepair condition, thereby causing the said plaintiff, DOROTHY D. DAKOVITZ, * * * to lose control of said motor vehicle whereby it was propelled against and did strike with great force and violence other motor vehicles * * *."

After a general denial the defendants took discovery depositions bearing on the location of the portions of the road they were responsible for under their contracts with the State of Illinois, as well as plaintiff's deposition, and the deposition of the deputy sheriff as to where the plaintiff's vehicle first left the pavement. By these depositions the defendants, Arrow Road Construction Company and R. W. Dunteman Company, established (1) that certain portions of the road repair contract along Route 64 were not under their control and were not the responsibility of "these" defendants, but were the responsibility of an-

other defendant, Melahn, under a system whereby there were "omissions" in the contracted repair job of the defendants, Arrow and Dunteman, and that these omissions were assumed by and were the responsibility of Melahn. By the same token the areas of the defendants' (Arrow and Dunteman) responsibility were "omissions" in Melahn's contract, and (2) that the exact spot—within a few feet as admitted by the plaintiff—where the plaintiff's automobile first left the pavement, was west of and outside the defendants' area of responsibility under their contract with the State of Illinois. On this basis defendants moved for and were granted summary judgment in their favor.

■■ The general principles governing the granting or denying of a motion for summary judgment are well established. While it is generally recognized that summary judgment is a salutary procedure in the administration of justice (*Green v. McClelland*, 10 Ill.App.3d 350), it is not to be used "when a genuine issue of material fact has been raised by the pleadings and other supporting papers filed in connection with the motion for summary judgment." *Washington v. Draper and Kramer, Inc.*, 11 Ill.App.3d 952, 956.

If there is such an issue of fact, summary judgment must be denied. The right to summary judgment must be free from doubt. (*LaSalle National Insurance Co. v. Executive Auto Leasing Co.*, 121 Ill.App.2d 430.) On the other hand, if there is actually *no* genuine issue as to any material fact, summary judgment should be granted. (*Gelsumino v. E. W. Bliss Co.*, 10 Ill.App.3d 604.) While these statements are helpful in defining the scope and purpose of summary judgment, they do not of course, settle any particular case—the trial judge must still determine whether there is any genuine issue as to a material fact in the specific case before him.

■■ A close examination of the pleadings and affidavits in the case before us is therefore necessary before applying the general principles adverted to above. With respect to pleadings in cases involving summary judgment it is generally accepted that a mere allegation in a complaint is not sufficient to overcome the specific contrary averments of an affidavit, and the mere discrepancy between the two is not sufficient to raise a genuine issue of fact. Where the affidavit states particular facts contrary to the allegations of the complaint, it will overcome the allegations of the complaint. (*Schoen v. Caterpillar Tractor Co.*, 103 Ill.App.2d 197; *Pefferle v. Prairie Mills, Inc.*, 72 Ill.App.2d 440.) If, therefore, defendants' affidavits contradict or deny the allegations of the complaint, such allegations do not raise a genuine issue of fact merely because they are at odds with the affidavit. In this case an analysis of the complaint discloses that it is not necessarily overcome as a statement of fact by

the facts recited in the defendants' affidavits. The complaint states that the defendants were doing repair work on Route 64 near Goodrich Avenue; that in doing such work they left the pavement and shoulder in a dangerous condition and without any warning signs as to the disrepaired condition; that the plaintiff was driving on Route 64 and that at or near Goodrich Avenue she lost control because of holes, obstructions, uneven pavement and so forth, a condition negligently caused by the defendants, and that as a consequence plaintiff was propelled across the road and ran into other vehicles going in the opposite direction.

■■ The defendants made a general denial, thus raising a genuine issue of fact. Defendants' affidavits and the depositions may be taken as proving (1) that the plaintiff first left the pavement, on the right side, near a certain spruce tree and (2) that the defendants were not responsible for the roadwork in the area within 50 to 100 feet of said spruce tree. If these affidavits and depositions were uncontroverted, do they remove from the case any genuine issue of material fact? We think not. The plaintiff does not pinpoint, nor do the defendants, just where she lost control of her vehicle. The accident occurred within 500 feet from where she first left the pavement, accepting defendants' evidence, but this is not necessarily where she lost control. It must be remembered that the plaintiff does not in her complaint make any allegations about where she first left the pavement—her allegations are: (a) that the defendants caused a negligent and dangerous condition of Route 64 to exist in the vicinity of Goodrich Avenue and Ki's Restaurant (a landmark opposite Goodrich Avenue), (b) that plaintiff, while driving her automobile at or near said point, ran over or into a hole, excavation, depression or other irregularity in the pavement created by defendants' negligence, and (c) that as a result of running over, into, onto or upon said hole, irregularity and so forth plaintiff lost control of her automobile and collided with other cars going in the opposite direction.

■■ The defendants' theory apparently is that the point at which the plaintiff first left the highway is the only point at which liability can attach to the defendants for negligence in connection with any holes, drop-offs or irregularities in the surface of the highway. If there was any other possibility, then the defendants' argument that plaintiff first left the highway at a point west of Station 560+92.03—the western terminus of their area of responsibility—would have no significance and would be a mere non sequitur. But is the case that clear? Is leaving the pavement automatically and instantly commensurate with losing control? We do not wish to argue the plaintiff's case beyond the point necessary to delineate a general principle, but where the facts admit of more than one conclusion, including a conclusion unfavorable to the moving party, they

cannot support a motion for summary judgment. (*Wegener v. Anna*, 11 Ill.App.3d 316.) In this case it is entirely possible that the plaintiff did not immediately lose control upon leaving the pavement. Many people leave the pavement and get back on without an accident. If the allegations of the plaintiff are true as to the condition of the pavement and shoulder—and they are supported by the affidavit of a witness whose statements are not challenged and must under the rules of the pleadings be considered as true—then the losing of control could have occurred as a result of the irregularities and depressions complained of. We do not need to consider the degree of probability of this being true. If it is a reasonable possibility then a jury or a court as fact finder should consider whether it is in fact true under the evidence adduced at the trial. It is a theory consistent with plaintiffs' pleadings and that is sufficient to create a doubt. Only where there is no doubt as to the facts and the law applicable thereto should the motion for summary judgment be granted. A reasonable doubt prevents it here.

The case of *Wegener v. Anna*, 11 Ill.App.3d 316, illustrates this point. There the plaintiff, a pedestrian, made a statement on deposition which indicated he did not keep a proper outlook while crossing the street and did not see the automobile which struck him. The defendant moved for summary judgment on the theory that the admission of the plaintiff that he did not see the car which struck him and that he was looking straight ahead constituted contributory negligence as a matter of law, and therefore there was no genuine issue of fact to be resolved by a trial. In refusing to so rule the court said:

> "The admissions of the plaintiff occurred during a discovery deposition. There is no burden on the party giving a discovery deposition to produce all the evidence he may have. We do not find any inferences from the evidence included which preclude the question of negligence on lookout or answer as a matter of law the element of a proximate cause of the plaintiff's injuries. * * * * * *

As was said in *Di Leo v. U.S. Fidelity & Guaranty Co.*, 50 Ill. App.2d 183, 200 N.E.2d 405, 'We believe the determinative question here presented is whether there is a "triable issue of fact." In a summary judgment proceeding, the right of the moving party should be free from doubt. If, upon an examination of the pleadings, depositions, and affidavits, it can be fairly said that a material dispute exists as to the facts, a motion for summary judgment should be denied. On the other hand, where the record shows there is no triable issue of fact, a summary judgment will be granted.' In the case involved, we do not find the right of the

moving party to be free from doubt. Where such doubt exists, the wiser judicial policy in the present state of the law is to permit the resolution of the dispute by trial rather than by summary judgment." 11 Ill.App.3d 316, 319-20.

■■ In the case before us the inference that the plaintiff lost control of her automobile at the precise moment it left the pavement is not the only possibility to be derived from the known facts. She traveled perhaps 300 feet after first leaving the pavement before crossing the center line into the path of oncoming vehicles. We know that at the moment she crossed the center line her car was not under control, but we do not know that it was not when she attempted to come back on the pavement that she lost control, or whether the condition of the highway at any point after she entered the area of responsibility of the defendants was conducive to her losing control when she attempted to regain the pavement. That she lost control further down the road is not by any means farfetched, and the plaintiff should not be concluded by assuming that she lost control instantly upon leaving the pavement, as the summary judgment motion assumes. For the defendants to be not liable as a matter of law the conclusion has to be reached from the pleadings that— as the defendants' brief asserts—it makes no difference whether the condition of the highway was negligently permitted to be full of holes and depressions and irregularities or not, since the motivating cause of the accident happened outside of their area of responsibility. We cannot so conclude on the basis of the evidence available from the pleadings and depositions. The case is not by any means that clear and conclusive, and since the admitted facts are not conclusive of the plaintiff's rights and she is certainly not concluded as a matter of law, we hold that the motion for summary judgment was improperly granted.

■■ There was some suggestion at the oral argument that the plaintiff was precluded by her pleadings from asserting a theory that she lost control after she entered the defendants' area of responsibility. We see no basis for so holding. In the first place, the complaint itself alleges that the plaintiff was driving on Route 64:

"[A]t or near its intersection with Goodrich Avenue * * * or near the entrance to a restaurant located on the south side of said Route 64, as aforesaid, so that as a direct and proximate result of the carelessness and negligence of the defendants as aforesaid, the said motor vehicle was caused to and did run into, upon and over a certain depression, dugout, hole, excavation or otherwise irregular highway in a disrepair condition, thereby causing the said Plaintiff, DOROTHY D. DAKOVITZ, * * * to lose control of said motor vehicle whereby it was propelled against and

did strike with great force and violence other motor vehicles * * *."

It will be observed that in this language the plaintiff says nothing about leaving the pavement or exactly where she lost control. The theory of her losing control at some point after leaving the pavement is perfectly consistent with the complaint as drawn. It is not the obligation of the plaintiff to anticipate the defendants' theories when drawing her complaint. There is no burden on the plaintiff to prove or even allege that she did not lose control when she first left the pavement. The defendants' motion for summary judgment infers that she did, but the plaintiff is not required to refute such inference.

It is well established that affidavits in support of summary judgment are to be construed against the moving party and in favor of the opposing party. (*Equilease Corp. v. Cattlemen's Freezer Meats, Inc.*, 13 Ill.App.3d 1; *Watson v. Southwest Messenger Press, Inc.*, 12 Ill.App.3d 968; *Greer v. Checker Taxi Co.*, 10 Ill.App.3d 814.) Whether the plaintiff lost control and this caused her to leave the pavement, or whether she left the pavement and this caused her to immediately lose control, or whether she left the pavement and ran along the shoulder still in control of her car and then fell into a hole, depression, and so forth, or was thrown off to one side by a difference in level between shoulder and the pavement, losing control at that time—all these are possibilities consistent with the plaintiff's allegations in her complaint and not contradicted by the defendants' witnesses. The State employees who testified for defendants merely outlined the respective sections of responsibility of the different defendants, and the deputy sheriff was of the opinion, based on his observation, that the plaintiff went off the pavement in a section which the other affidavits placed outside of defendants', Arrow and Dunteman, area of responsibility. The affidavit of the officers of the defendant Dunteman, merely again sets the limits of the Dunteman sector of the highway. No one testified that he observed the plaintiff's automobile after it left the pavement and before the collision and that in his opinion it was out of control at the point where it left the pavement. Conceding, then, that the plaintiff can only recover against the defendants if she was caused to lose control by a hole, depression or other irregularity within their sector of the road work, the defendants have not established by conclusive evidence, and the plaintiff has not admitted, that this did not occur.

It is not to be taken for granted, without positive evidence, that in the few seconds it took the car—traveling at normal highway speed—to travel from the point where she first left the pavement to the point where she veered across the highway—a matter of perhaps 5 to 6 seconds

—she could not have retained a measure of control. And if she did retain a measure of control up to that point then it is entirely possible that she lost control, as alleged, within the defendants' area of control. If so, it follows that evidence must be taken as to the reason for losing control at that point. In other words, there must be a trial to determine the responsibility for her losing control. As was said in *Watkins v. Lewis*, 96 Ill.App.2d 182, 188: "Summary judgment is a drastic method of disposing of litigation and the right of a party to invoke the remedy must be free from doubt." It is therefore the moving party's obligation to present a case free from doubt. On the other hand, it is the opposing party's obligation to present a case creating some doubt—and the issue in both cases will be construed most strongly against the moving party and in favor of the party opposing the motion for summary judgment.

It is our opinion that sufficient doubt exists in this case as to whether the alleged negligence of the defendants might have caused the plaintiff to lose control of her automobile in an area under the defendant's control to require a reversal of the summary judgment and remandment of the cause for a trial on the merits.

For the reasons set forth the judgment of the circuit court of Du Page County is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

T. MORAN and DIXON, JJ., concur.