GERALD SHANNON, Plaintiff-Appellant, v. ADDISON TRAIL HIGH SCHOOL, DISTRICT No. 88, Defendant-Appellee.

(No. 74-124; ▮▮▮▮▮▮▮▮)

Second District (2nd Division)—December 17, 1975.

Paulson & Ketchum, of Chicago, for appellant.

Donovan, Atten, Mountcastle, Roberts & DaRosa, of Wheaton, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff in this case sought damages for the alleged negligence and/ or wanton and wilful conduct of the defendant in the maintenance of its premises. On motion for directed verdict at the close of plaintiff's evi-

dence, the trial court held that plaintiff was contributorily negligent as a matter of law, and that there was no evidence of wanton and wilful conduct on the part of the defendant. Plaintiff appeals claiming that the court erred in taking the issue of contributory negligence from the jury and in finding plaintiff contributorily negligent as a matter of law. Similarly, he claims that the court erred in taking the issue of wanton and wilful conduct from the jury and in finding the defendant free from such conduct as a matter of law. We affirm the action of the trial court.

Plaintiff, the father of two sons who attended the defendant high school, accepted the school's written invitation to attend a wrestling demonstration at the school on November 20, 1970. On arrival that evening, he parked in the school lot and walked down the driveway toward the school. No one was on duty at the school to direct visitors to the doors that were to be used. Plaintiff walked by the main doors without trying them, although testimony indicated that these were the doors generally used during wrestling events. He continued on to the next bank of doors which were closer to the gym area and, finding those doors locked, walked around the corner of the school and onto a grassy slope in an attempt to reach the lower level doors at the side of the school. The area was dimly lit and, plaintiff testified, he could not see whether there was grass or mud beneath his feet. He slipped and fell in a muddy area on the slope; his wrist was broken in the fall.

Plaintiff testified that there was no sign or other device to warn him of the muddy conditions on the incline. A student of the school and the athletic coach testified that the muddy condition had existed for a considerable length of time. The student stated that the football team used the grassy slope as a shortcut to the gym after practice and that, after a rain, the area was so muddy that the players would slide rather than run down the slope.

Although plaintiff had never before entered the lower-level side doors, he testified that he was familiar with their location and with the grassy incline. His testimony also indicated that he knew he could have avoided walking down the slope by taking a longer route along the school drive to a sidewalk leading to the doors. There was no showing that the longer, paved route was unsafe.

■■ Ordinarily, the question of whether the plaintiff exercised due care for his own safety or was contributorily negligent is one for the jury to decide on the facts. When, however, the facts relating to the plaintiff's exercise of due care rest solely upon plaintiff's own testimony, and the attendant circumstances are not in dispute, the court may determine, as a matter of law, whether the plaintiff has in fact exercised ordinary caution for his own safety. *Day v. Barber-Colman Co.*, 10 Ill.App.2d 494,

511 (1956); *Reid v. Employers Mutual Liability Insurance Co.,* 14 Ill.App.3d 174, 177-78 (1973), *aff'd on other grounds,* 59 Ill.2d 194 (1974); *Mundt v. Ragnar Benson, Inc.,* 18 Ill.App.3d 758, 776 (1974).

Since plaintiff was alone and unobserved when the accident occurred, only his testimony could have established his freedom from contributory negligence. The court was therefore able to rule on the question of contributory negligence.

■■ The applicable standard for determining plaintiff's contributory negligence as a matter of law was expressed by this court in *Day v. Barber-Colman Co.,* 10 Ill.App.2d 494, 511 (1956), when it was held:

> "If a plaintiff has available to him two different methods or ways of doing a job, performing a task, or proceeding,—one previously tried and known to be safe,—the other either unknown and unexplored or known to involve certain possible hazards,—and he chooses the method or way which is unknown and unexplored or known to involve certain possible hazards, and is injured in the process, he is contributorily negligent as a matter of law: Geraghy v. Burr Oak Lanes Inc. (1954) 2 Ill.App.2d 48."

Although the *Geraghty* case was reversed on its facts (5 Ill.2d 153 (1955)), the standard applied has been adopted in other cases. See *Tompkins v. Twin Oaks Dairy, Inc.,* 91 Ill.App.2d 88, 92-93 (1968); *Reid v. Employers Mutual Liability Insurance Co.,* 14 Ill.App.3d 174, 180 (1973). Contra, *Burns v. West Chemical Products, Inc.,* 12 Ill.App.3d 947, 953 (1973).

■■ The facts brought out in plaintiff's case reveal that he was familiar with two possible routes to the lower-level doors. One route was along paved surfaces and one involved a shortcut down a grassy incline in a dimly lit area. A reasonable man should have been alerted to the dangers of the second route, the route plaintiff chose. The burden of proving himself free from contributory negligence is upon the plaintiff. Plaintiff made no showing that he could not have proceeded safely by the paved route. The rule in *Day v. Barber-Colman* is therefore applicable. See *Harris v. Union Stock Yard & Transit Co.,* 29 Ill.App.3d 1072 (1975).

The cases cited by plaintiff do not persuade us otherwise. In *Geraghy v. Burr Oak Lanes, Inc.,* 5 Ill.2d 153 (1955), the supreme court reversed the appellate court on the issue of contributory negligence as a matter of law, holding that the record in that case did not support such a finding. In that case, the plaintiff tripped over a railroad tie nestled in high weeds in the parking lot of defendant's bowling alley. The appellate court held the plaintiff guilty of contributory negligence in that he chose a hazardous route rather than a known safer route. The supreme court, however, found evidence in the record that the alternate

route to the bowling alley, the car lane, was "rough and bumpy with holes in it and piles of earth protruding into it from one side." The court concluded that "whether plaintiff had a choice of routes and, if he had, whether he chose a safe route or unsafe route and whether the grass and weeds were a sufficient notice to him of the danger lurking beneath them were all questions of fact which the circuit court properly submitted to the jury for decision." (*Geraghty v. Burr Oak Lanes, Inc.*, 5 Ill.2d 153, 162 (1955).) The *Geraghty* case cited by plaintiff as controlling is clearly distinguishable from the case at bar in that the record there presented a question of fact as to whether or not there was a safe alternate route available to the plaintiff. In the case at bar, no such question is raised by the record.

The other cases which plaintiff cites in support of the general proposition that the question of contributory negligence is ordinarily a question of fact upon which plaintiff is entitled to have the finding of a jury, do not present the situation of a plaintiff who has a choice of two routes, one safe and the other unknown or possibly hazardous. We therefore find their citation inappropriate.

Defendant contends that the trial court erred in removing the question of wanton and wilful conduct from the jury and in ruling that the defendant high school was free of such conduct as a matter of law. Plaintiff's brief fails to point to any specific conduct to support his claim. We gather from oral argument that the contention is based upon defendant's failure to have someone on duty to greet the parents at the high school doors and the existence of an unmarked muddy area on the dimly lit grassy slope at the side of the school. The plaintiff cites several cases for the proposition that the standard of wanton and wilful conduct has become less strict and now occupies a somewhat shadowy area close to ordinary negligence. (*Jarvis v. Herrin City Park District*, 6 Ill.App.3d 516 (1972).) From the facts presented in this case it is our opinion that plaintiff has not established negligence on the part of defendant. (See *Harris v. Union Stock Yard & Transit Co.*, 29 Ill.App.3d 1072, 1080 (1975).) Viewing all the evidence on the issue of wanton and wilful conduct in its aspect most favorable to the plaintiff, it so overwhelmingly favors defendant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510 (1967).

Judgment of the trial court is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.