ELAINE McCARTHY, Plaintiff-Appellant, *v.* RIVER FOREST GOLF CLUB, Defendant-Appellee.

First District (2nd Division)   No. 77-1237

Opinion filed June 27, 1978.

Nolan, O'Malley & Dunne, of Chicago (S. Robert Depke, of counsel), for appellant.

Frank Glazer, Ltd., of Chicago (Geoffrey A. Lewis, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Elaine McCarthy, brought an action to recover damages for personal injuries sustained during a fall which occurred on grounds owned and maintained in an allegedly negligent manner by defendant, River Forest Golf Club (hereinafter "club"). The matter comes before this court upon plaintiff's appeal from an order entered by the circuit court of Cook County granting defendant's motion for summary judgment on a finding that plaintiff was contributorily negligent as a matter of law.

The sole issues presented for review are whether the trial court

correctly determined that there was no genuine issue of material fact and properly found that plaintiff was contributorily negligent as a matter of law.

A review of the pleadings, depositions and affidavits on file indicates that at approximately 6 p.m. on June 18, 1974, plaintiff, a member of the club, had departed on foot from an outdoor patio area located on the club's grounds with the intention of entering the club's parking lot. Plaintiff testified that the weather was clear and her apparel included a golf skirt, ¾" heeled shoes, and a "normal" size purse.

The patio area was bordered on the side nearest the parking lot by a rectangular plot of grass the dimensions of which do not appear of record. The perimeter of this plot was described by a short, plastic chain fence. This cordon was constructed in such a fashion that the chain was supported by several poles of unspecified height. The elevation of the chain which was draped between the various poles was susceptible to alteration. A force exerted on any particular section of the chain would modify the height of the remaining sections.

Adjacent to the plot of grass and perpendicular to the patio area were two access paths. These paths were paved with a bed of "pea-sized" gravel approximately 1¼" thick which was seated upon a bed of "grade 8 stone" approximately 4" thick. The paths were not edged by permanent borders but were occasionally raked and leveled. Edward Stewart, superintendent in charge of grounds maintenance at the club, indicated that the gravel was "loose" and he "presumed" it to be "unstable."

Plaintiff indicated that she was aware of the condition of the gravel, considered the paths to be hazardous, and on the date in question she attempted to avoid the paths insofar as possible by walking across the plot of grass, but that the terrain was such that she was required to use the path for a short distance. Superintendent Stewart stated that this route was commonly used. Plaintiff was alone at the time of the occurrence and her testimony is as follows:

> "I crossed the lawn and was going toward the parking lot and I put my leg over the chain and when I put my foot down in the loose gravel, my foot slipped and I lost my balance and my left heel caught on a low chain that was laying very low and then I fell."

Plaintiff stated that this route was the only means of egress from the patio.

■■■ Whether, in a given case, the conduct of an injured party was contributory negligence is preeminently one for the jury, and the issue becomes a question of law only when the undisputed evidence conclusively proves that the accident resulted from the negligence of the injured party and that the injuries could have been avoided by use of reasonable precautions. Where, however, reasonable minds acting within

the limits prescribed by law might reach different conclusions or draw different inferences from the facts, the question whether certain conduct was contributory negligence is for the jury. (*Lewis v. Hull House Association* (1975), 25 Ill. App. 3d 617, 323 N.E.2d 600.) In our judgment, plaintiff's testimony, appraised in the light of all the facts and circumstances heretofore presented, did not establish as a matter of law that her conduct at the time of her injuries was contributory negligence.

At the outset, we note that a material dispute exists regarding the circumstances surrounding plaintiff's fall. Plaintiff maintains that the accident was caused by the instability of the gravel used to pave the path. Defendant, on the other hand, argues that the accident was occasioned by the aforementioned chain fence which plaintiff stepped over in reaching the path. In our estimation, the various matters presented to the trial court do not serve to conclusively resolve this dispute.

Also open to dispute is the matter of alternative means of egress from the patio area. Plaintiff testified that her's was the only safe route and that this route was a customary one. The latter claim was supported by the testimony of the club's superintendent. Defendant maintained, and the court found, that a safe route was available, specifically, the gravel path, and plaintiff deliberately chose an obviously unsafe alternative. However, in light of plaintiff's contention that the path occasioned her fall, defendant's position may prove to be a contradiction in terms. In any case, the record is inadequate to resolve this dispute. *Cf. Shannon v. Addison Trail High School, Dist. No. 88* (1975), 33 Ill. App. 3d 953, 339 N.E.2d 372.

■■ We note in passing, that the use of a defective walkway by a person who has knowledge of the defect is not contributory negligence *per se*, and if, while using that walkway, such person is in the exercise of ordinary care for his or her safety, there may be recovery in case of an injury. (See *Ryan v. City of Chicago* (1975), 28 Ill. App. 3d 743, 329 N.E.2d 305, and cases cited therein.) In the instant case, reasonable minds may reach different conclusions or draw different inferences from the facts at issue. The question of plaintiff's contributory negligence, if any in this case, properly remains for resolution by a jury.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

PERLIN and BROWN, JJ., concur.