EDWARD S. SIELSKI, Plaintiff-Appellant, v. TIOGA HOMES, INC., Defendant-Appellee.

Second District  No. 77-199

Opinion filed July 27, 1978.

GUILD, J., dissenting.

Leon C. Rane, of Chicago, for appellant.

Robert S. Soderstrom and James P. DiNardo, both of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellee.

Mr. JUSTICE NASH-delivered the opinion of the court:

Plaintiff, Edward S. Sielski, appeals from a summary judgment entered in favor of defendant, Tioga Homes, Inc., determining that plaintiff was contributorily negligent as a matter of law.

This case was brought by plaintiff against defendant seeking to recover damages for personal injuries allegedly sustained by him in a fall on defendant's parking lot. The trial court considered the pleadings, depositions of plaintiff and two other witnesses, defendant's motion and

plaintiff's answer and affidavits in opposition thereto and entered the summary judgment for defendant which is the subject of this appeal.

There is no dispute in the facts which disclose that defendant owns and operates a V.F.W. hall located on North York Road in Bensenville. It is on the east side of that road and defendant maintains a parking lot for its patrons on the west side of the road across from the hall. The automobile entrance and exit to that parking lot is a single opening located on its north end approximately one-half block away from defendant's building and is off a small east-west side street at that place. The plaintiff went to defendant's place of business on January 28, 1974, to attend an annual sports dinner, for a consideration, and was driven there by his son and a friend, Roy Thiede. They arrived at approximately 7:30 p.m. and Mr. Thiede drove into the west parking lot through the entrance at its north end and parked in the lot approximately opposite the door of the hall. The three men walked across the parking lot from the car towards defendant's building and when they came to the east side of the lot noted that there was a plowed snow embankment about 2½ feet high and two to four feet wide at its base completely surrounding the parking lot except for the entrance for automobiles through which they had entered. Other patrons, however, had crossed and were crossing the snow embankment ahead of them opposite the front of defendant's building and a path had been made over it at that place. Plaintiff was assisted over the embankment by his son without mishap and attended the dinner which ended at around 11 p.m. Plaintiff, his son and Mr. Thiede then left the hall as they had arrived walking directly west across York Road to the parking lot. Other patrons were then also crossing the path over the snow embankment in order to reach their automobiles in the parking lot. Other automobiles were exiting the parking lot through the car entrance at its north edge. None of the patrons were walking across the snow-covered field around the piled up snow surrounding the lot in order to walk through the entrance to the parking lot being used by the other automobiles. Mr. Thiede stated he didn't think it was a good idea to enter at that place because of the cars which were exiting through the opening.

Other than the path made by patrons over the snow bank opposite the entrance to the V.F.W. hall and the opening through which cars were being driven, there was no other means to enter defendant's parking lot. The opening to the parking lot being used by the cars was only wide enough for one car at a time to pass through and they were doing so at 2- to 3-second intervals traveling at approximately 10 to 15 miles per hour.

Plaintiff looked and, noting no alternate routes back to the car, attempted to pass over the snow bank on the path by which he had entered. Although his son held his hand to assist him, plaintiff fell on the snow bank and was injured.

■■ Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57(3)) provides that summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." It is the function of the court when presented with a motion for summary judgment to determine if a genuine issue does exist as to a material fact and, if not, summary judgment is proper; if so, however, summary judgment is improper as the court may not summarily determine a material issue of fact. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80; *Dakovitz v. Arrow Road Construction Co.* (1975), 26 Ill. App. 3d 56, 324 N.E.2d 444.) Where the material facts are not in dispute, the issue on a summary judgment motion is whether fair-minded persons might draw different inferences from those facts. (*Peirce v. Conant* (1964), 47 Ill. App. 2d 294, 198 N.E.2d 555.) In ruling on a motion for summary judgment the trial court must construe the matters before it most strictly against the moving party and most liberally in favor of the opponent (*Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 920, 329 N.E.2d 543, 546, *aff'd* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100) and the right of a party to summary judgment must be clear and free from doubt. *McHenry Sand & Gravel, Inc. v. Rueck* (1975), 28 Ill. App. 3d 460, 461, 328 N.E.2d 679, 680.

Defendant places primary reliance for a statement of the standard to be applied in determining whether plaintiff was contributorily negligent as a matter of law on *Shannon v. Addison Trail High School* (1975), 33 Ill. App. 3d 953, 339 N.E.2d 372, where the court, quoting from its earlier opinion in *Day v. Barber-Colman Co.* (1956), 10 Ill. App. 2d 494, 511, 135 N.E.2d 231, 239, noted that:

" 'If a plaintiff has available to him two different methods or ways of doing a job, performing a task, or proceeding,—one previously tried and known to be safe,—the other either unknown and unexplored or known to involve certain possible hazards,—and he chooses the method or way which is unknown and unexplored or known to involve certain possible hazards, and is injured in the process, he is contributorily negligent as a matter of law: *Geraghty v. Burr Oak Lanes, Inc.* (1954), 2 Ill. App. 2d 48 [Abst].' " (*Shannon v. Addison Trail High School* (1975), 33 Ill. App. 3d 953, 955, 339 N.E.2d 372, 374.)

While the court in *Shannon* noted that the case relied upon in *Day* was reversed on its facts (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47), it determined that the standard there stated is still viable and may be applied in those cases where the factual circumstances are appropriate. In *Shannon* plaintiff had gone to his son's school to attend

a wrestling demonstration and was injured when he apparently took a short cut to an entrance over a muddy, grassy slope of the school yard when he could have avoided the hazard of traversing the slope by taking a longer, paved route leading to the school doors. In that case there was no suggestion or showing that the longer, paved route was unsafe. In *Geraghty,* however, the plaintiff tripped over a railway tie nestled in high weeds in the parking lot of defendant's bowling alley. While the appellate court held the plaintiff guilty of contributory negligence in that he chose a hazardous route through the weeds rather than what it described as an alternate, known safer route, the supreme court noted that the alternate route to the bowling alley, a car lane, was "rough and bumpy with holes in it and piles of earth protruding into it from one side * * *." (5 Ill. 2d 153, 161, 125 N.E.2d 47, 52.) The court concluded that in such a circumstance whether or not plaintiff had a choice of routes and, if he had, whether he chose a safe route or an unsafe route were questions of fact for the jury. 5 Ill. 2d 153, 162, 125 N.E.2d 47, 52.

■■ We are persuaded from the record of this case that summary judgment was inappropriate. The trial court could not properly determine on these facts that plaintiff failed to exercise ordinary care for his own safety as a matter of law. He elected to take the only pedestrian route available to him and defendant's other patrons rather than share the route being used by the briskly moving automobiles. It appears to us to be highly debatable whether there was an alternate safe or safer route available to plaintiff. In this state of the record had plaintiff chosen the alternate route now recommended by defendant its motion might well be more appropriate than we view it to be in the present circumstances. See generally *McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369; *Decker v. Polk Brothers* (1976), 43 Ill. App. 3d 563, 357 N.E.2d 599; *Swenson v. City of Rockford* (1956), 9 Ill. 2d 122, 136 N.E.2d 777; *Morehead v. Mayron* (1972), 3 Ill. App. 3d 425, 279 N.E.2d 473.

The order of the trial court granting defendant's motion for summary judgment is reversed and the case is remanded for further proceedings.

Reversed and remanded.

BOYLE, J., concurs.

Mr. JUSTICE GUILD, dissenting:

I respectfully dissent. I believe that the plaintiff was contributorily negligent as a matter of law. There was a cleared driveway through which he could have exited the parking lot. I am not impressed by the fact that cars were using this driveway. He simply could have waited until the way was clear and entered the lot without climbing over a snow bank. I feel

that this case is quite similar to this court's opinion in *Whitson v. U.S.I.F. Rockford Corp.* (1975), 30 Ill. App. 3d 898, 333 N.E.2d 697 (abstract). While the facts are not set forth in that abstract decision, the plaintiff there had alternative cleared routes for return to her car in a parking lot, but chose to climb over a snow bank. I do not think that the fact that there was but one cleared route in the instant case makes this case so different that the plaintiff herein would not be guilty of contributory negligence as a matter of law. I would affirm the trial court.