ROBERT W. TOPPING, Plaintiff-Appellee, v. GEORGE D. SULLIVAN, d/b/a American Cable Cartoons, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 85—0069

Opinion filed June 20, 1986.

Nash & Lalich, of Chicago (Thomas D. Nash, Jr., of counsel), for appellants.

Davie I. Herbst and Martha L. Ashenhurst, both of Portes, Sharp, Herbst & Kravets, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Robert W. Topping, brought this action to rescind his purchase from defendants of a 10% interest in a limited partnership. The action was brought pursuant to section 13 of the Illinois Securities Law of 1953. (Ill. Rev. Stat. 1981, ch. 121½, par. 137.13.) On plaintiff's motion summary judgment was granted and judgment entered in the amount of $28,873.14 for plaintiff. Defendants appeal, contending that a material issue of fact, whether the interest purchased was a security, precluded summary judgment.

We affirm.

On November 12, 1982, plaintiff purchased from defendants a 10% interest in an Illinois limited partnership known as Cablecar Productions. The purchase price was $25,000. The limited partnership agreement executed by the parties provided that the general partner, defendant Trolleycar Productions, had the sole right to manage the affairs of the partnership. Trolleycar was given plaintiff's irrevocable power of attorney to conduct all partnership business.

On October 19, 1983, plaintiff sent defendants a letter rescinding his purchase of the limited-partnership interest and demanding repayment of the $25,000 purchase price plus interest. Defendants refused this demand, and plaintiff subsequently filed this action for rescission.

Plaintiff asserts the right to rescind because defendants failed to either register the limited-partnership interest with the Illinois Secretary of State's office or, if the interest was exempt from this requirement, to file a report of the sale with that office. It is undisputed that if this limited-partnership interest were a security the defendants were required to either register it or report the sale. (Ill. Rev. Stat. 1983, ch. 121½, pars. 137.4, 137.5.) Defendants concede they did neither. It is also undisputed that a violation of these requirements

would give the plaintiff a right to rescind under the then-applicable statute. Ill. Rev. Stat. 1981, ch. 121½, par. 137.13.

■■ ■ Defendants contend that an issue of fact remained as to whether the interest sold here was a security and therefore the trial court erred in granting plaintiff's motion for summary judgment. Ordinarily the sale of an interest in a limited partnership does constitute the sale of a security. (*Curtis v. Johnson* (1968), 92 Ill. App. 2d 141, 234 N.E.2d 566.) But defendants contend that no security is involved here because the buyer was more than a passive investor. This test is derived from *Polikoff v. Levy* (1965), 55 Ill. App. 2d 229, 234, 204 N.E.2d 807, 809, *cert. denied* (1965), 382 U.S. 903, 15 L. Ed. 156, 86 S. Ct. 237, in which the court defined a security under Illinois law as being "a contract, transaction or scheme whereby one person invests his money in a common enterprise on the theory that he expects to receive profits *solely from the efforts of others.*" (Emphasis in original.) In *Kaiser v. Olson* (1981), 105 Ill. App. 3d 1008, 435 N.E.2d 113, the court used this test to determine that no sale of a security was involved where the buyers together purchased more than half of the entire stock of a corporation and were actively involved in the management of the corporation or turned down an opportunity to be active in it. In *Condux v. Neldon* (1980), 83 Ill. App. 3d 575, 404 N.E.2d 523, this test was used to determine that no sale of a security was involved in the purchase of 100% of the stock in a gunshop by two investors who then operated the business for 2½ years before seeking to rescind the sale based on alleged violations of the Illinois Securities Law.

■ In this case the defendants rely on the following facts in the affidavit of defendant George Sullivan. Robert McCrory, recommended to Sullivan as a leading expert in marketing, distribution, and sales of children's toys, was approached by Sullivan as a possible investor in his toy scheme. McCrory declined saying that his capital was invested with the plaintiff; however, he recommended that plaintiff be approached. Subsequently plaintiff agreed to invest on the stipulation that McCrory be hired to be in charge of selection and distribution of toys. These facts do not remotely approach those of *Kaiser* or *Condux*. Nothing in this affidavit establishes or even suggests, as defendants now contend, that McCrory was plaintiff's agent or alter ego. Further, defendants failed to contest plaintiff's statement in his affidavit that he never participated in the control of management of the business.

■ Whether an investor has such control over a business as to disqualify his investment from being classified as a security is an issue

which may properly be determined as a matter of law. (See *Curtis v. Johnson* (1968), 92 Ill. App. 2d 141, 234 N.E.2d 566.) Where material facts are not in dispute, the issue on a motion for summary judgment is whether fair-minded persons might draw different inferences from those facts. (*Sielski v. Tioga Homes, Inc.* (1978), 62 Ill. App. 3d 340, 379 N.E.2d 336.) Based on the facts before the circuit court, we find that a fair-minded person could only conclude that plaintiff purchased a security and therefore was entitled to a rescission based on defendants' failure to comply with reporting or registration requirements concerning that sale.

The judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P.J. and PINCHAM, J., concur.