OVERTON, J.
 

 This appeal grows1 out of the suit bearing the same title as the present appeal, which is No. 27S34,130 So. 341,
 
 [1]
 
 this day decided. Defendant,, in its answer in the suit out of which the two appeals grow, called the D. V. John
 
 *245
 
 ston Company, Inc., D. V. Johnston, and A. J. Higgins in warranty, and prayed for such judgment against them, if any, as might be rendered against defendant in favor of plaintiff, and in addition thereto for $2,000 attorney’s fees, incurred by it in defending the suit.
 

 This call in warranty was made under the provision of a contract entered into by the three warrantors, named above, by which they agreed to indemnify defendant for all loss, cost, charges, and expenses, sustained or incurred by it in becoming surety on a bond furnished by the D. Y. Johnston Company, Inc., under a contract entered into by that company with the parish of Terrebonne, for the sale and delivery of gravel. The bond is the same one that was litigated in appeal No. 27534, this day decided, and was furnished before defendant signed the bond.
 

 The trial judge rejected’defendant’s demand for the attorney’s fees, and as no judgment was rendered against defendant on the main demand, there was no occasion to render judgment against the indemnitors on it, for that demand had passed out of the case. Defendant’s complaint is as to the rejection of its demand for attorney’s fees.
 

 Virtually, the reason why the trial judge rejected defend/mt’s demand for attorney’s fees is because defendant took the position that it was not liable to the police jury of the parish of Terrebonne on the bond, by reason of a misrepresentation in the contract between the D. V. Johnston Company, Inc., and the parish of Terrebonne, for the performance •of which the bond was given, in which position ■defendant was successful, and that defendant not being liable on the bond to the police jury the very motive or consideration for furnishing the indemnity fell, and with it the contract bf indemnity, and therefore it would be improper to allow attorney’s fees.
 

 We find no error in the judgment.
 

 The judgment is affirmed.
 

 THOMPSON, J., dissents.
 

 [1]
 

 Ante, p. 237.