THE PEOPLE *ex rel.* ILLINOIS STATE SCHOLARSHIP COMMISSION, Plaintiff-Appellant, *v.* DAVID HARRISON, Defendant-Appellee.

First District (1st Division)  No. 77-1801

Opinion filed December 18, 1978.

William J. Scott, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

*Mr. JUSTICE BUCKLEY delivered the opinion of the court:

This is an appeal by the plaintiff, the Illinois State Scholarship Commission (Commission), from a judgment entered by the circuit court of Cook County in favor of the Commission on a promissory note in the face amount of $1,500. This note was executed by defendant, David Harrison, to Seaway National Bank of Chicago (Seaway) and assigned by Seaway to the Commission. Plaintiff contests the judgment contending that the trial court erred because it disallowed the interest due plaintiff under the terms of the note.

■■ Defendant has not filed a brief in this court. However, we may decide the merits of this appeal without an appellee's brief since the record is simple and the alleged error can be easily resolved. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

---

* This opinion was prepared by Justice Buckley while assigned to the Illinois Appellate Court, First District.

On January 7, 1971, defendant executed a written, promissory note securing a $1,500 "State of Illinois guaranteed loan" from Seaway. In consideration for receiving this loan, defendant agreed to pay Seaway $1,500, plus seven percent interest per annum by January, 1972. Defendant failed to comply with this agreement. Having guaranteed the loan, the Commission now holds and owns the note through assignment from Seaway.

The Commission filed suit on June 7, 1977, seeking judgment for $2,111.24, representing the principal balance owing, in addition to accrued interest. Defendant filed no answer to the complaint, but appeared in court. Prior to trial, defendant requested a settlement for less than the full amount of the claim, which the Commission refused.

On September 1, 1977, the circuit court entered an order granting plaintiff judgment in the amount of $1,500, rather than for $2,111.24 as prayed for in the complaint. This order was subject to the proviso that defendant made full payment of the $1,500 no later than September 11, 1977. Otherwise, the Commission was granted leave to move that the $1,500 judgment be vacated and a judgment in the amount of $2,111.24 be entered, and that such motion would be granted.

On September 9, 1977, the Commission filed a written motion to vacate the order of the circuit court on the ground that the court had imposed a settlement, over the Commission's objection and in excess of the court's authority. At the hearing on this motion on September 16, 1977, defendant represented that he had tendered a check to the Commission for $1,500 but it was refused. When the Commission again refused to accept this payment, the trial court denied the motion to vacate. The Commission appeals from both orders.

■■ ■ Plaintiff primarily contends that when a contract is unambiguous, the duty of the court is to enforce the terms which the parties included in the contract, and that the trial court's imposition of a settlement over the objection of the Commission was beyond the court's authority. We agree. A court may not rewrite the contract the parties have made and in the absence of ambiguous language may not reform the agreement. (*Wishnoff v. Guardian Savings & Loan Association* (1975), 34 Ill. App. 3d 107, 339 N.E.2d 494.) In the present case defendant raised no defenses. The note is clear and unambiguous calling for a payment of principal of $1,500, plus interest at the rate of seven percent per year. The Commission was the assignee of a commercial agreement with defendant and entitled to obtain the benefits of that bargain free from judicial reformation. *Sweeting v. Campbell* (1956), 8 Ill. 2d 54, 58, 132 N.E.2d 523; *Kohenn v. Plantation Baking Co.* (1975), 32 Ill. App. 3d 231, 234, 326, N.E.2d 491.

Moreover, in refusing to enforce the agreement according to its terms, the trial court was forcing a settlement. Plaintiff had otherwise

refused to settle with defendant for less than the full amount of the claim. By imposing a judgment for $1,500, the trial court both rewrote the contract for the parties, and effectively negated the Commission's control over extrajudicial settlement of the dispute. See *Ham v. Marshall* (1964), 46 Ill. App. 2d 92, 196 N.E.2d 377.

The dangers from such a procedure are apparent. To sanction the trial court's actions would encourage other parties to renege on obligations owed the State where interest charges are mounting and risk achieving a favorable judicial adjustment. Such a scenario is especially likely in the instant situation where State officials refuse to settle a clear obligation such as this school loan for less than the full amount due.

■■ The trial court's order of September 1, 1977, recognized the validity of plaintiff's claim, since it provided for judgment in the full amount if defendant did not pay the principal within 10 days. No recognized legal basis for avoiding either the entire contract or some part of it was suggested in the trial court and none is apparent to us. Consequently, the court erred in denying the Commission judgment for the interest provided under the terms of the agreement with defendant.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McGLOON and O'CONNOR, JJ., concur.