WILLIE C. SMITH, Plaintiff-Appellee, *v.* JOAN FRIED *et al.*,
Defendants-Appellants.

First District (3rd Division)    No. 79-1667

Opinion filed June 30, 1981.—Rehearing denied August 17, 1981.

Bernard Allen Fried, of Chicago, for appellants.

Sheldon S. Gomberg, of Chicago, for appellee.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

This action was brought by plaintiff, Willie C. Smith, to recover damages for personal injuries suffered as a result of the alleged negligence of defendants Joan Fried, Reverend James Lewis, and Garden of Paradise Missionary Baptist Church. The jury returned a verdict of $15,000 in favor of plaintiff and against all defendants. It also answered a special interrogatory finding that Joan Fried was the owner of the building involved in the occurrence on April 14, 1974. Judgment was entered on the verdict. We affirm in part and reverse in part.

Plaintiff and defendants gave different versions as to the manner in which plaintiff was injured. Plaintiff testified that on April 14, 1974, he was a resident of a building located at 1536 E. 69th Street in Chicago, Illinois. On that date, at approximately 5 p.m., he fell while descending the stairs from the second floor to the first floor. Plaintiff testified that he "tripped over a little rough spot there where the carpet and marble goes, but it was kind of raggedy." Plaintiff stated that he had noticed the rough spot before that day. Plaintiff fell to his right and reached for a handrail, but there was no handrail on the right side of the stairway. The police arrived and took plaintiff to a hospital where surgery was performed on plaintiff's leg as a result of his injury in the accident.

Reverend James Lewis testified that he saw plaintiff at approximately 10 or 11 p.m. on April 14, 1974. According to Reverend Lewis, some people brought plaintiff into the lobby of the building at 1536 E. 69th Street, left plaintiff lying on the floor and then rushed out of the building. Reverend Lewis asked Juanita Torry, a woman who "watched" the building, to find out what was wrong with plaintiff. When she was unable to get a response from plaintiff, she called the police, and the police took plaintiff to the hospital. Juanita Torry testified to the same sequence of events as Reverend Lewis. She stated that she did not see plaintiff at 5 p.m. that day. The janitor of the building testified that he saw plaintiff lying on the floor of the lobby at approximately 10 p.m.

In addition to his evidence concerning the occurrence, plaintiff introduced a trustee's deed dated May 1, 1972, in which the Cosmopolitan Bank, as trustee, conveyed and quitclaimed the property at 1536 E. 69th Street to Joan Fried. Plaintiff also introduced an order entered in a declaratory judgment action to clarify title to the property. The declaratory judgment action had been brought by Reverend Lewis and the Garden of Paradise Missionary Baptist Church against Joan Fried and Bernard Allen Fried. In the declaratory judgment order dated June 20, 1977, the court found that Bernard Fried advanced $1500 "for the purpose

of acquiring title to the property involved herein for the use and benefit of the plaintiff church; and as security for such advance, the said Bernard Allen Fried took the title to the property in the name of the Defendant, Joan Fried." The court also found that the advance was to be evidenced by a promissory note from the church, but Bernard Fried refused to accept the note because it did not contain a confession of judgment clause. The court declared that the church was the rightful owner of the property from May 1, 1972, to the time of the order, and that Joan Fried was in fact a nominee of Bernard Fried, holding the record title for the use and benefit of the church.

Reverend Lewis, pastor of the church, testified that on April 14, 1974, the church owned, possessed and controlled the property at 1536 E. 69th Street. He collected rents in the building and was responsible for seeing that the building was properly maintained. Any complaints about the building were directed to him. Reverend Lewis further testified that Joan Fried had nothing to do with the building. She never collected any rents, and he never spoke to her about the management and control of the building.

Joan Fried testified that she had never been in the building at 1536 E. 69th Street, and that she did not know any of the tenants in the building. She only saw the building on one occasion when her husband pointed it out as they drove by in an automobile. She also testified that she never had possession of nor exercised any control over the building.

Defendant Joan Fried contends that the evidence establishes as a matter of law that she was not the owner of the building and that the court erred in denying her motion for a directed verdict and motion for judgment notwithstanding the verdict. We agree.

■■ Plaintiff's evidence as to the ownership of the building consists of a deed which showed that the property in question was conveyed to Joan Fried. However, a deed which appears to have been intended only as a security in the nature of a mortgage is to be considered a mortgage even though it appears to be an absolute conveyance by its terms. (Ill. Rev. Stat. 1973, ch. 95, par. 55; *Metcalf v. Altenritter* (1977), 53 Ill. App. 3d 904, 909, 369 N.E.2d 498, 502.) The nature of the transaction rather than the form employed determines the rights of the parties. (*Havana National Bank v. Wiemer* (1975), 32 Ill. App. 3d 578, 583, 335 N.E.2d 506, 509; *Burroughs v. Burroughs* (1971), 1 Ill. App. 3d 697, 703, 274 N.E.2d 376, 381.) The question of whether a deed is to be taken as a mortgage depends on the intention of the parties at the time of execution. (*Warner v. Gosnell* (1956), 8 Ill. 2d 24, 30, 132 N.E.2d 526, 529; *Metcalf*, 53 Ill. App. 3d 904, 909, 369 N.E.2d 498, 502.) Any evidence tending to show that the parties intended a loan and security is admissible. (*Warner*, 8 Ill. 2d 24, 31, 132 N.E.2d 526, 530; *Burroughs*, 1 Ill. App. 3d 697, 703, 274 N.E.2d 376,

381.) The relation of the parties, the circumstances surrounding the transaction, the appearance of the transaction, the adequacy of consideration and the situation of the parties after the transaction are all factors which may be relevant to this determination. *Havana National Bank v. Wiemer* (1975), 32 Ill. App. 3d 576, 585, 335 N.E.2d 506, 510; *Burroughs*, 1 Ill. App. 3d 697, 703, 274 N.E.2d 376, 381.

Here, in addition to the deed, plaintiff introduced an order entered in a declaratory judgment action to determine title to the property. The order contains findings and declarations which support Joan Fried's claim that the conveyance was intended as security only. The order recites that Bernard Fried had loaned money to the church and had taken title to the property in the name of Joan Fried as security for the debt. The order provides that the church was the owner of the property, while Joan Fried was merely a nominee holding the title for the use and benefit of the church. In addition, other than the naked deed, all of the evidence in the present case supports the conclusion that Joan Fried was a mere mortgagee rather than the owner of the property.

■■ Under the circumstances, we conclude that the evidence establishes as a matter of law that Joan Fried was a mortgagee of the property rather than the owner. The answer to the special interrogatory must therefore be vacated because it is not supported by the evidence.

■■ In order for a mortgagee to be responsible for damages to third parties caused by unsafe conditions on the property, the mortgagee must exercise dominion and control over the property. Constructive possession is not sufficient. (*Marcon v. First Federal Savings & Loan Association* (1978), 58 Ill. App. 3d 811, 813, 374 N.E.2d 1028, 1030.) In the present case, there is no evidence that Joan Fried exercised dominion and control over the property. To the contrary, the evidence clearly shows that she had nothing to do with controlling or managing the property. Reverend Lewis collected rents and was responsible for maintaining the building. Joan Fried never collected rents and never spoke to Reverend Lewis about the management or control of the building. Thus, when the evidence is viewed in its aspect most favorable to plaintiff, it so overwhelmingly establishes that Joan Fried was a mortgagee who did not exercise dominion and control over the property that no contrary verdict could ever stand.

■■ We address the remaining issues solely as they apply to the remaining defendants. These defendants argue that plaintiff was guilty of contributory negligence as a matter of law, and therefore, a verdict should have been directed in their favor. However, that issue has been waived since these defendants did not raise it in their post-trial motion. These defendants only moved for a new trial; they did not argue that they were entitled to

judgment as a matter of law. See Ill. Rev. Stat. 1977, ch. 110A, par. 366(b)(2)(iii).

■■ Moreover, we find that defendants' argument is untenable on its merits. Defendants emphasize plaintiff's testimony that he had previously noticed the rough spot which caused him to trip. However, the mere fact that a person walks on a surface with knowledge of a defect does not establish contributory negligence as a matter of law. (*Swenson v. City of Rockford* (1956), 9 Ill. 2d 122, 127, 136 N.E.2d 777, 779; *Morehead v. Mayron* (1972), 3 Ill. App. 3d 425, 427, 279 N.E.2d 473, 475; see *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 21, 405 N.E.2d 1383, 1387-88.) Rather, such conduct is a factor for the jury to consider in making its determination. (*Swenson*, 9 Ill. 2d 122, 128, 136 N.E.2d 777, 780; *Morehead*, 3 Ill. App. 3d 425, 427, 279 N.E.2d 473, 475.) In such a case, a person may recover provided that he is in the exercise of ordinary care for his own safety while he is walking on the surface. *Swenson*, 9 Ill. 2d 122, 127, 136 N.E.2d 777, 779.

Under the circumstances of this case, we believe that the jury could have properly found that plaintiff was in the exercise of ordinary care for his own safety while descending the stairs. Therefore, we conclude that the trial court properly did not direct a verdict in defendants' favor on the issue of plaintiff's contributory negligence.

■■ Defendants next argue that the verdict was against the manifest weight of the evidence. Defendants emphasize that only the plaintiff testified as to his version of the accident while three defense witnesses contradicted plaintiff's testimony. However, it is for the jury to determine the credibility of the witnesses and the weight to be given to the testimony of each of them. In determining the credibility of each witness, the jury may take into account the reasonableness of his testimony considered in the light of all the evidence in the case. Also, in deciding whether any fact has been proved, it is proper for the jury to consider the number of witnesses testifying on one side or the other as to that fact, but the number of witnesses alone is not conclusive if the testimony of the lesser number is more convincing. Here, we believe that the jury could have properly concluded that the testimony of the plaintiff as to the occurrence was more convincing than that of the defense witnesses. Therefore, we conclude that the verdict against defendants Reverend James Lewis and Garden of Paradise Missionary Baptist Church was not against the manifest weight of the evidence. Also, contrary to defendants' assertion, we do not find that the jury found for plaintiff out of sympathy, passion or prejudice.

Accordingly, the answer to the special interrogatory is vacated, and the judgment against defendant Joan Fried is reversed. The judgment

against defendants Reverend James Lewis and Garden of Paradise Missionary Baptist Church is affirmed.

Affirmed in part, reversed in part.

McNAMARA and WHITE, JJ., concur.