MARY BAKER, a/k/a Mary Davis, Plaintiff-Appellant, *v.* THE CITY OF GRANITE CITY, Defendant.—(Richard Allen, Petitioner-Appellee.)

Fifth District   No. 81—622

Opinion filed February 23, 1983.—Rehearing denied March 22, 1983.

Ben S. Urban, of Belleville, for appellant.

Stephen M. Tillery, of Kassly, Bone, Becker, Dix & Tillery, P.C., of Belleville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Richard Allen was awarded attorney fees in the circuit court of Madison County on *quantum meruit* for his representation of plaintiff, Mary Baker Davis, in a personal injury suit against the city of Granite City. She appeals contending that the trial court erred in allowing fees on the percentage of recovery customarily charged in contingency contracts and in allowing compensation for work performed in the city's appeal from the judgment rendered in her favor after she discharged Allen as her attorney. She also asserts that it was improper to allow Allen to intervene in her action against the city when he failed to perfect his statutory attorney's lien.

In June of 1973, plaintiff sustained permanent personal injuries in a fall on a sidewalk owned by defendant, Granite City. At that time plaintiff was employed as a secretary by attorney Richard Allen, and it was orally agreed that he would represent her in her claim against the city. In 1976, during settlement negotiations, a dispute arose between plaintiff and Allen over attorney fees. Plaintiff claimed that Allen had agreed to represent her free of charge in return for her promise not to file a possible workers' compensation claim against him. Allen maintained plaintiff had agreed to pay a contingency fee equal to 33⅓% of her gross recovery. Although the dispute remained unsettled at the time of trial, Allen continued to represent plaintiff and on February 23, 1978, the jury returned a verdict in favor of plaintiff for $125,000.

The parties' dispute over fees continued after the trial. Allen re-

quested plaintiff to sign a form contract which gave him 33⅓% of the gross amount recovered or in the event of appeal, 40% of the gross recovery. Plaintiff refused to sign the contract, offering Allen 15% at the conclusion of all appeals. When further negotiations failed, plaintiff, by letter dated November 4, 1978, formally discharged Allen as her attorney. A second letter confirming the discharge was sent to Allen by plaintiff's substitute counsel, Ben Urban. Allen submitted the matter to general counsel of the Illinois State Bar Association for advisement. The reply indicated Allen had certain ethical duties as well as a common law duty to represent his client until relieved by court permission. Based on this advice, Allen filed additional excerpts of record and prepared plaintiff's brief on appeal. Urban also submitted a brief. The court affirmed plaintiff's judgment in August of 1979. (*Baker v. City of Granite City* (1979), 75 Ill. App. 3d 157, 394 N.E.2d 33.) The city petitioned the supreme court for leave to appeal and Allen prepared a response to the petition. Leave was denied December 1979.

The case concluded, Allen moved for an assessment of attorney fees pursuant to section 1 "An Act creating attorney's lien and for enforcement of same" (Ill. Rev. Stat. 1981, ch. 13, par. 14), and in *quantum meruit*. Following a bench trial, the court determined that Allen had not agreed to represent plaintiff without charge, a finding not contested on appeal, and further determined that it was unnecessary to decide if in fact the parties had agreed upon a contingency fee. The court reasoned that in cases of discharge without cause, the appropriate recovery is the reasonable value of the services rendered. (*Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 399 N.E.2d 969.) The court also ruled that a percentage figure, as well as a fixed hourly rate, is an appropriate measure of a reasonable fee. Allen was awarded 33⅓% for trial work and an additional 6⅔% for appellate work, for a total of 40% of plaintiff's gross recovery.

Plaintiff first objects to the award for trial work. She claims that a percentage figure is not an appropriate measure of a reasonable fee and that if it had not been used here, the fee would be substantially less. Plaintiff particularly relies on the supreme court decision in *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019, which applied the lodestar computation in a class action suit to review attorney fees. This computation involves multiplying the number of hours expended by a reasonable hourly charge. The resulting figure is then adjusted by use of a weighted multiplier to reflect factors relevant to class action suits such as the benefit received by the class and the contingent nature of the undertaking. The supreme court relied heavily on

two earlier class action suits in which it indicated that the amount of time expended is a highly substantial factor in determining fees. (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 343 N.E.2d 897; *Flynn v. Kucharski* (1974), 59 Ill. 2d 61, 319 N.E.2d 1.) Contrary to plaintiff's contention, we do not read *Fiorito* as requiring the use of the lodestar computation in the case at bar.

■ It is well established that a court considers several factors in determining a reasonable fee. Those factors include the skill and standing of the attorney employed, the nature of the cause and the novelty and difficulty of the questions at issue, the amount and importance of the subject matter, the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community and the benefits resulting to the client. *Neville v. Davinroy* (1975), 41 Ill. App. 3d 706, 711, 355 N.E.2d 86, 90; 87 Ill. 2d R. 2—106 (disciplinary rules).

In the present case, the trial court's order illustrated that it gave careful and comprehensive consideration to the factors. The order reflected evidence that the result obtained was unusually high for the type of case and that plaintiff benefitted greatly. It noted that Allen was solely responsible for the investigation, preparation and trial of the case and that the case presented a difficult notice problem. The court correctly concluded that the usual and customary fee in the community can be expressed as a percentage. (*Sullivan v. Fawver* (1965), 58 Ill. App. 2d 37, 44, 206 N.E.2d 492, 495.) Both parties' expert witnesses agreed that in 1973 the customary fee in the community for personal injury cases was 33⅓% of plaintiff's recovery.

Although Allen did not keep records of the time expended on plaintiff's case, uncontradicted testimony by the expert witnesses established that this was the practice by plaintiffs' attorneys in personal injury suits at that time. Further, Judge William L. Beatty, who presided over the original trial, testified that Allen was well prepared and had obviously spent many hours on the case.

■ While we acknowledge plaintiff's argument that use of a percentage may result in a higher fee, we believe the evidence as reviewed here supports the fee awarded. Finding no abuse of discretion in the trial court's use of a percentage fee, the award for trial work is affirmed.

Plaintiff has raised a question concerning the qualifications of the expert witnesses. It should be clear from our reliance on expert testimony that we found ample foundation in each case to support the court's designation of Judge Beatty, George Moran, Sr., Bruce Cook and Richard Allen as expert witnesses.

After formal discharge by plaintiff, Allen, relying on the advice from ISBA's general counsel, continued to prepare the case for appeal. He prepared plaintiff's brief, additional excerpts from the record and a response to the city's petition for leave to appeal. Allen estimated his time in preparation of the documents to be 75 hours. George Moran, Sr., based on his review of Allen's work, estimated preparation to be 8-10 days. Urban presented oral argument before the court on appeal.

As a general rule, an attorney is not entitled to compensation after discharge. (*Tobias v. King* (1980), 84 Ill. App. 3d 998, 1003, 406 N.E.2d 101, 105.) To require a client to compensate both the discharged attorney and the substitute attorney would discourage clients from exercising their right to discharge. This right has consistently been protected by the supreme court. (*Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 229, 399 N.E.2d 969, 974.) Thus, while we commend Allen for seeking professional advice, his reliance on the ISBA letter does not insure his right to compensation.

■ The evidence does indicate, however, that Urban benefitted from Allen's work. Allen filed a response for plaintiff to the city's petition for leave to appeal. In addition, Steven Katzman, who wrote plaintiff's brief for Urban, testified that he used Allen's brief as a starting point for his own work. A comparison of the two briefs is corroborative. Katzman estimated his preparation time at 25 hours while Allen testified that most of his 75 hours of appellate work were spent preparing the brief. To reach a proper balance between the client's right to discharge and an attorney's right to compensation for services rendered, we hold that Allen should be compensated to the limited extent that his work assisted, but did not duplicate, Urban's work.

■ Plaintiff has raised the propriety of the trial court's ruling that the ISBA letter was not hearsay. We conclude that the trial court correctly ruled that the letter was not offered to prove the truth of its contents but rather was offered to show that Allen's actions were made in reliance on the ISBA counsel's advice. *People v. Canamore* (1980), 88 Ill. App. 3d 639, 641, 411 N.E.2d 292, 294.

Finally, plaintiff claims Allen should not have been allowed to intervene under section 1 of "An Act creating attorney's lien and on enforcement of same" (Ill. Rev. Stat. 1981, ch. 13, par. 14) because he did not comply with that section's notice requirements. Plaintiff points out that the discharge occurred before Allen gave notice of the lien to the city. As the trial court ruled during pretrial motions, count II of Allen's motion for fees was in *quantum meruit,* separate from

his claim under section 1. Thus, because the trial court ultimately found in Allen's favor on the *quantum meruit* count, it is unnecessary to address the notice problem under section 1.

The motion to dismiss taken with the case is denied. The judgment of the circuit court of Madison County is reversed and remanded for redetermination of the appellate fee and is affirmed in all other respects.

Affirmed in part; reversed in part and remanded.

JONES and KASSERMAN, JJ., concur.

END OF VOLUME