THE HANOVER INSURANCE COMPANY, Plaintiff-Appellee and Cross-Appellant, v. WILLIE SMITH *et al.*, Defendants (Joan Fried, Defendant-Appellant and Cross-Appellee).

First District (3rd Division)   No. 1—87—0438

Opinion filed April 26, 1989.—Rehearing denied May 23, 1989.

McNAMARA, J., dissenting.

Bernard Allen Fried, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Lawrence R. Moelmann, and Kathryn A. Spalding, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Appellant, Joan Fried, appeals from a judgment of the circuit court of Cook County awarding attorney fees and costs to plaintiff, Hanover Insurance Company (Hanover). Hanover cross-appeals the amount of the award. On appeal, Fried argues that (1) Hanover, as indemnitee, was not entitled to indemnification of the fees and costs expended where such expenses arose out of the execution of an appeal bond which was adjudged null and void and (2) Hanover unilaterally breached the agreement that Fried would supply counsel at her own expense by improperly discharging the attorney hired by Fried, hiring its own attorney and charging Fried, as indemnitor, for the costs and expenses of hiring the new attorney. Hanover argues that the trial court erred in denying it the full amount of fees and costs requested for indemnification. We affirm in part and reverse and remand in part.

The dispute involved herein arises out of a personal injury action that was filed in 1975 by Willie Smith against Joan Fried, James Lewis and the Garden of Paradise Missionary Baptist Church (Church). Smith ultimately obtained a judgment against Fried, Lewis and the Church in the amount of $15,000 plus costs.

Desiring to appeal the judgment in favor of Smith, Fried obtained an appeal bond on behalf of herself, Lewis and the Church. The bond obtained by Fried was from Hanover. Fried posted a letter of credit for $18,250 as collateral and entered into an indemnity agreement with Hanover.

In 1981, this court affirmed the judgment against Lewis and the Church and reversed the judgment against Fried. (Smith v. Fried (1981), 98 Ill. App. 3d 467, 424 N.E.2d 636.) Smith then demanded that Hanover make payment for the amount of the judgment. Fried, however, instructed Hanover to deny the claim for payment, con-

tending that the bond was null and void because it was not issued in compliance with Supreme Court Rule 305(a)(1) (107 Ill. 2d R. 305(a)(1)).

Hanover then filed a declaratory judgment in the circuit court of Cook County. Hanover also petitioned for substitution of counsel, costs and fees. The trial court found that the appeal bond was void because it did not comply with Supreme Court Rule 305(a)(1). However, the court then construed the void bond as a contract between Hanover and Fried, Lewis and the Church for the payment of any judgment in favor of Smith. The trial court thereafter granted summary judgment in favor of Smith and directed Hanover to pay $18,250 to Smith. Pursuant to the trial court's order, Hanover paid the bond to Smith.

In a Supreme Court Rule 23 order issued June 29, 1983, this court reversed that judgment, holding that because the trial court found that the appeal bond was null and void, the void bond could not be rewritten to create a liability in Hanover that did not exist. Thus, this court reversed the trial court's finding that Hanover was liable to Smith.

When Hanover moved to compel restitution from Smith, the trial court denied its motion. On appeal to this court, the trial court's order denying Hanover's motion was reversed and Smith was subsequently ordered by the trial court to pay restitution in the amount of $18,250 to Hanover.

Fried thereafter moved for return of the collateral from Hanover. Hanover, in response, moved for fees and costs arguing that it was entitled to offset any repayment based upon its claim of indemnity. The circuit court found that Fried was entitled to the return of her collateral and that Hanover, in returning the collateral, was entitled to offset the fees and costs expended during litigation. Although Hanover sought indemnification in the amount of $24,408.95, the trial court awarded it $8,600 in fees and $600 in costs to be satisfied from the collateral. Hanover was further ordered to return the balance of $9,050 to Fried. This appeal followed.

This court has previously found that the document entered into between Hanover and Fried clearly reflected the intention of the parties that Hanover's liability, if any, be as surety on the appeal bond. We further found that the function of the bond and the intent of the parties was unambiguous. We further stated that the trial court erred in attempting to rewrite the void bond or to substitute a different contract for the one which was actually executed. Thus, we concluded that the trial court erred in finding that Hanover was lia-

ble to the original plaintiffs, Smith and his attorney, Sheldon Gomberg.

The issue in this case, however, is not the appeal bond but the indemnity agreement entered into between Hanover and Fried. It is Fried's position that because the appeal bond is void, Hanover is not entitled to any fees and costs expended which arose out of the execution of the bond and, therefore, the indemnity agreement has no effect. We disagree.

■ Indemnity agreements are contracts and, as such, are to be construed like any other contract. (*Fort Dearborn Cartage Co. ex rel. Chubb & Son, Inc. v. Rooks Transfer Co.* (1985), 136 Ill. App. 3d 371, 375, 483 N.E.2d 618, 620.) In construing indemnity contracts, the primary focus is to give effect to the intention of the parties. (*Gardner v. Padro* (1987), 164 Ill. App. 3d 449, 453, 517 N.E.2d 1131, 1133.) This is especially so when the intent of the parties is clear and unambiguous. *Sutton Place Development Co. v. Bank of Commerce & Industry* (1986), 149 Ill. App. 3d 513, 516, 501 N.E.2d 143, 145.

The agreement herein provided:

"In consideration of the execution of the bond herein applied for I hereby agree *** to reimburse the Hanover Insurance Company for all loss, costs, attorney's fees and other expenses which said Company may incur or sustain in consequence of the execution of said bond."

■ Although the underlying bond was declared void, clearly the expenses incurred by Hanover were "sustained in consequence of the execution of [the] said bond." Fried cannot be heard to argue that because the bond was void, so was the separately entered into indemnity agreement. Fried's actions in not filing the bond within the statutory time limit is the reason that the bond was declared void. It would be unequitable and unjust to allow Fried to now avoid her contractual obligation under the indemnity agreement and benefit from her actions. Such a decision would serve no purpose other than to encourage parties "to enter into indemnification agreements in bad faith." In fact, this court stated previously:

"The defect that nullified the bond was not attributable to the [Hanover], but rather to [Fried] *** who failed to file it in a timely manner." (*Hanover Insurance Co. v. Smith* (1st Dist. 1983), No. 82—2016 (unpublished order under Supreme Court Rule 23).)

Accordingly, we find that Hanover is entitled to indemnification under the terms of the indemnification agreement.

■ We furthermore find meritless Fried's argument that Hanover improperly discharged the attorney hired by Fried. Based upon our reading of the agreement entered into between Fried and Hanover, there is no provision requiring Hanover to accept counsel provided by Fried. We will not rewrite the agreement entered into between Hanover and Fried. Accordingly, this argument must fail.

On cross-appeal, Hanover argues that the trial court erred in denying Hanover full indemnification of its fees and costs. We agree.

■ We initially note that a trial court's award of fees is discretionary and as such will not be disturbed on review absent an abuse of that discretion. (*In re Marriage of McFarlane* (1987), 160 Ill. App. 3d 721, 729, 513 N.E.2d 1146, 1151.) The reasonableness of fees is based upon such factors as "the skill and standing of the attorney employed; the nature of the cause and the novelty and difficulty of the questions at issue; the amount and importance of the subject matter; the degree of responsibility in the management of the cause; the time and labor required; the usual and customary charge in the community; and the benefits resulting to the client." *Laff v. Chapman Performance Products, Inc.* (1978), 63 Ill. App. 3d 297, 307, 379 N.E.2d 773, 781.

In the instant case, the record evinces that the fees requested by Hanover were not unreasonable. Because a demand was made upon Hanover to, on the one hand, refuse payment on the bond and, on the other hand, to make payment on the bond, Hanover was forced to file a declaratory action to determine the proper course of action. Smith and Gomberg thereafter petitioned the court to suspend Hanover from acting as a court-appointed surety because they alleged that Hanover was improperly refusing to make payment on a bond. Moreover, this particular cause has been appealed twice previously to this court and reversed twice previously. The attorneys informed the court of their expertise. They also submitted an affidavit setting forth itemized descriptions of the expenses and fees incurred in the litigation. In light of the number of parties involved in the litigation and the voluminous legal proceedings involved in this case, we cannot find that the attorney fees requested by Hanover are unreasonable.

■ We further note that in the agreement entered into between Hanover and Fried, Fried agreed to reimburse Hanover for "all" costs and attorney fees. Accordingly, we find that the trial court abused its discretion in denying Hanover full indemnification. Therefore, we affirm the portion of the trial court's judgment finding a valid indemnification agreement and reverse the portion denying Hanover full indemnification. This cause is remanded to the trial

court for proceedings consistent with this opinion.

Affirmed in part; reversed and remanded in part.

FREEMAN, P.J., concurs.

JUSTICE McNAMARA*, dissenting:

I dissent from the majority holding that Hanover is entitled to indemnification for attorney fees and costs. Moreover, even if it were entitled to indemnification, I would not find, as the majority holds, that Hanover sufficiently proved the reasonableness of the fees or that Hanover should receive all fees requested.

Rule 23 orders are not precedential, but the fact remains that on June 29, 1983, in a Rule 23 order (*Hanover Insurance Co. v. Smith* (1st Dist. 1983), No. 82—2016 (unpublished order under Supreme Court Rule 23)), we held that the appeal bond here was void. We expressly refused to adopt the trial court's construction of the void bond as a contract between Hanover and defendants. We rejected the trial court's reasoning that the void bond became a binding obligation of Hanover as surety for the principals and that Hanover was obligated to pay the Smith judgment, plus interest, damages and costs.

Instead, we adopted Hanover's argument that it had no liability under the bond and held that "the trial court's finding, that Hanover was liable to Smith and Gomberg notwithstanding that the appeal bond was null and void, must be reversed." (No. 82—2016, Rule 23 order at 5.) We relied on the well-established principle that "the trial court was not empowered to rewrite the void bond or to substitute a different contract." (No. 82—2016, Rule 23 order at 5, citing *In re Estate of Savage* (1979), 73 Ill. App. 3d 656, 392 N.E.2d 263; *People ex rel. Illinois State Scholarship Comm'n v. Harrison* (1978), 67 Ill. App. 3d 359, 384 N.E.2d 947.) Now Hanover returns, in the fourth appeal regarding this 1975 personal injury, and reverses its position by asking us to find an enforceable contract under which it retains the right to attorney fees. I find no reason to, in effect, alter the prior decision of this court. (See *Police Jury v. United States Fidelity & Guaranty Co.* (1930), 171 La. 244, 130 So. 344 (where defendant surety on bond successfully argued it was not liable on the bond, the purpose of the consideration for furnishing the indemnity fell,

---

*Justice McNamara participated in this opinion prior to his assignment to the sixth division.

and with it the contract of indemnity, and therefore it would be improper to allow defendant's demand for attorney fees under that contract).) The indemnity agreement purports to indemnify Hanover against attorney fees in connection with the bond, and thus the agreement assumes a bond exists. The bond having been found void, the indemnity agreement is stripped of meaning and effect.

I would reverse the trial court order which found that, as a matter of law pursuant to the indemnity agreement, Hanover is entitled to indemnity of its attorney fees and costs from Fried.

Furthermore, I would find that even if there was liability for the attorney fees, Hanover failed to present adequate evidence, *e.g.*, of the novelty and complexity of the issues, the expertise of the attorney, the services rendered, and the resulting benefits of the attorneys' efforts. (See *Baker v. City of Granite City* (1983), 112 Ill. App. 3d 1096, 446 N.E.2d 531.) Where an indemnitee is entitled to attorney fees and costs, the indemnitee is required to establish by competent evidence its reasonable fees and costs, since the indemnitor is not necessarily liable for the amount the indemnitee unilaterally chose to pay. (*Lamp, Inc. v. International Fidelity Insurance Co.* (1986), 143 Ill. App. 3d 692, 493 N.E.2d 146.) This record shows grossly inadequate evidence to support the reasonableness of the attorney fees and costs which the majority now awards to Hanover in full.

Notably, it was the attorney retained at the sole cost of Fried who filed the original complaint for declaratory judgment, filed Hanover's motion for summary judgment, and filed all pleadings up until the date of the July 27, 1982, trial court order. Other legal services consisted only of two appearances in court regarding Hanover's demands for attorney fees. Also, the legal complexity or novelty of Hanover's position is belied by its repeated declarations that its position was completely neutral as it was "merely a stakeholder."

In addition, if any award were made at all, the trial court correctly reduced the fees requested by Hanover. From the date of the June 29, 1983, Rule 23 order, nothing remained regarding Fried's position in relation to Hanover and the void bond. Thus, the subsequent litigation in which Hanover sought attorney fees was not a "direct consequence of the execution of the bond" pursuant to the indemnity agreement.

The trial court in the present dispute stated:

"From the moment this case began, not just reached this court, it seems to be a classic case of litigation run amok. Neither side in my view is blameless.

\*\*\*

What I have done is, based upon the entire record, the papers filed, the hearing conducted today and all the arguments of lawyers, is to review the time spent on those portions of the proceedings that I believe are reasonably related to the execution of the appeal bond and necessarily incurred as a direct consequence of the execution of the bond.

I find that some of the time claimed ought not to be charged to Fried because it was not directly incurred as a result of the execution of the bond.

I think it is necessary to avoid windfalls to Hanover inasmuch as the fees were unnecessary in the execution.

I find that the concern with Hanover about its ability to write bonds in the Circuit Court might be a degree of concern. It is not something that Fried should be legally obligated to pay as a direct consequence of the execution of the bond."

If I were to find Hanover was entitled to attorney fees as a matter of law, I would also hold that the trial court properly reduced the total fees requested.