MARY BAKER, n/k/a Mary Davis, Plaintiff-Appellant, v. THE CITY OF GRANITE CITY, Defendant (Richard Allen, Petitioner-Appellee).

Fifth District   No. 5—88—0004

Opinion filed October 3, 1989.

Joel M. Drury, of Belleville, for appellant.

Stephen M. Tillery, of Kassly, Bone, Becker, Dix, Tillery & Reagan, P.C., of Belleville, for appellee.

JUSTICE WEBER delivered the opinion of the court:

This cause has a long history not only at the trial court level but at the appellate court level as well. (See *Baker v. City of Granite City* (1979), 75 Ill. App. 3d 157, 394 N.E.2d 33 (*Baker I*); *Baker v. City of Granite City* (1983), 112 Ill. App. 3d 1096, 446 N.E.2d 531 (*Baker II*).) The instant appeal is from an order of the circuit court awarding to Richard Allen, petitioner-appellee, as compensation for his attorney fee for the appellate work on *Baker I* an amount of 5% of the total judgment, representing 75% of the usual and customary 6⅔% appellate fee.

An extensive recitation of the facts of this cause can be found in *Baker I* and *Baker II*. Only a brief set of facts necessary to an understanding and disposition of the issues raised in this appeal is set forth herein.

Allen represented Mary Baker, now Mary Davis, plaintiff-appellant (hereinafter Baker), in a lawsuit against the City of Granite City for personal injuries Baker sustained on June 1, 1973, as a result of a fall caused by a sidewalk maintained by the City in an unsafe condition. A jury returned a verdict in favor of Baker on February 23, 1978, in the sum of $125,000. A dispute between Allen and Baker arose over Allen's fee prior to the time of the trial and continued after the trial. By letter of November 4, 1978, Baker formally discharged Allen as her attorney. Allen, based on advice from the general counsel for the Illinois State Bar Association, continued to do appellate work on the case inasmuch as he had not been relieved as Baker's counsel by court order.

This court concluded in *Baker II* that the trial court properly awarded Allen trial court level attorney fees in *quantum meruit*; and that after considering those factors necessary in determining a reasonable fee (see *Neville v. Davinroy* (1976), 41 Ill. App. 3d 706, 355 N.E.2d 86; 107 Ill. 2d R. 2—106), the usual and customary attorney fee in the community can be expressed as a percentage. This court in *Baker II* remanded the cause to the circuit court for redetermination of Allen's appellate fee.

At the hearing on remand, Allen presented no additional testimony but stipulated through his attorney, as did Baker through her attorney, that the court could consider the appellate brief prepared and filed by Allen; the appellate brief filed by Ben S. Urban, Baker's counsel after Allen, which brief was prepared by Steve Katzman; the additional excerpts of record prepared and filed by Allen; the response to the City's petition for leave to appeal prepared and filed by Allen; and the testimony of George Moran, Sr., Allen, Katzman, and John Bauman given at the original fee hearing for both trial and appellate level attorney fees. The key portions of such prior testimony being Allen's statement that he expended 75 hours of appellate effort; George Moran, Sr.'s statement that, after examining Allen's work, he estimated the preparation time to be 8 to 10 days; and John Bauman's statement that the hourly rate in the community for appellate work was $100 per hour.

Baker called at the hearing on remand Steve Katzman, who testified that it took him approximately 25 hours, plus or minus three hours, to write his *Baker I* brief; that he was furnished both Allen's

and the City of Granite City's briefs, additional excerpts from the record, and the record on appeal to assist him in his work; that he did not view this as a complicated matter or brief; and that, although he started from scratch, he relied on Allen's brief and used Allen's arguments when applicable. Katzman was unable to specify the number of hours he saved by relying on Allen's brief.

On cross-examination Katzman testified that there was no duplication of his effort with that of Allen with respect to the additional excerpts of the record and the response to the City's petition for leave to appeal that Allen had prepared. Katzman further testified that he had no present recollection of the extent he relied on Allen's brief and that, in his opinion, the court's comparison of the two briefs was as good a way as any to determine which portions of the brief should be attributable to Allen and which to Katzman.

Baker first contends that the trial court erred in awarding Allen compensation for appellate work time spent after his discharge in the preparation of a response to the petition for leave to appeal of the City. Reliance is placed by Baker on the proposition that "[t]o require a client to compensate both the discharged attorney and the substitute attorney would discourage clients from exercising their right to discharge." (*Baker*, 112 Ill. App. 3d at 1100, 446 N.E.2d at 534.) While as a general rule an attorney is not entitled to compensation after the discharge (*Tobias v. King* (1980), 84 Ill. App. 3d 998, 406 N.E.2d 101), this court held in *Baker II* that "[t]o reach a proper balance between the client's right to discharge and an attorney's right to compensation for services rendered, we hold that Allen should be compensated to the limited extent that his work assisted, but did not duplicate, Urban's work." *Baker*, 112 Ill. App. 3d at 1100, 446 N.E.2d at 534.

The trial court made a specific finding that Allen prepared and filed a response to the petition for leave to appeal of the City while none was filed by either Urban or Katzman. Additionally, the trial court found that no appellate document, except the brief, was filed by Urban or Katzman. Both findings are well supported by the record. Finally, the petition for leave to appeal was denied by our supreme court. We therefore find that allowing compensation for Allen's effort in preparing a response to the petition for leave to appeal of the City clearly comes within the ambit of *Baker I* inasmuch as the effort was not duplicative of anything Urban or Katzman did and certainly can be construed as assisting in the preservation for Baker that which has been described by the trial court as an "excellent" award and of "great" benefit to Baker.

■ Baker next contends that the trial court erred in awarding 5% of the total judgment of $125,000, or $6,250, to Allen for his appellate attorney fee on *Baker I*. We disagree with the contention and find no error. As stated in *Baker II*, Allen's compensation is based on *quantum meruit*; however, to protect Baker from paying twice for the same service, Allen should not be compensated for his efforts that were a duplication of the efforts of Baker's attorneys, Urban and Katzman. As in *Baker II*, Baker here contends that the amount of time expended is a substantial factor in determining fees. (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 343 N.E.2d 897; *Flynn v. Kucharski* (1974), 59 Ill. 2d 61, 319 N.E.2d 1.) As stated in *Baker II*, however, we do not believe that the use of the lodestar computation of fees as defined in *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019, is mandated in this case. While the evidence in the case indicates that Allen expended approximately 75 hours on the appellate process of *Baker I* and that Katzman expended approximately 25 hours, and that the usual and customary hourly rate for such work is $100 per hour in the community in question, we do not find it error for the trial judge to express the appellate fee as a percentage of the total judgment. The trial court's finding that 6⅔% of the total judgment represented the usual and customary fee in the community for this type of work at the appellate level is consistent with the proofs offered.

■ The trial court's assessment of Allen's fee as a fraction of the usual and customary percentage, the numerator of the fraction being the hours Allen expended in the appellate process and the denominator of the fraction being the sum of the hours Allen and Katzman expended in the appellate process, is a matter within the discretion of the trial court and we find no abuse of that discretion here. The award of attorney fees is a matter within the discretion of the trial court and the award will not be altered in the absence of an abuse of that discretion. *Welsh v. Welsh* (1976), 38 Ill. App. 3d 35, 347 N.E.2d 512.

While we affirm in this case the application of a percentage of the total judgment to determine an appellate fee, we do not ignore those factors a trial court should consider in establishing an attorney fee. It is evident in this case that the trial court was aware of the qualifications of Allen to perform the work, his standing in the legal community, the complexity, or lack thereof, in the appeal of *Baker I*, and his lack of appellate experience. It should be noted that the award of the trial court on the percentage basis is less than would have been awarded by extending the hours Allen expended by the usual and customary hourly rate in the community for such work. We believe this

to be illustrative of the fact that the trial court took into account the above-recited factors, including the lack of appellate experience by Allen.

Finally, we note that the trial court compared the Allen brief and the Katzman brief and found that such comparison "strongly suggests that Allen's work in the appellate brief greatly benefitted Mary Baker Davis and only slightly duplicated the efforts of Mary Baker Davis' other counsel." We are in accord with that finding. The award of attorney fees in this case is in accord with the mandate of *Baker II* that Allen be compensated to the extent his work assisted but did not duplicate the work of other attorneys on the case.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

LEWIS and HOWERTON, JJ., concur.