M. STUART GOODMAN et al., Plaintiffs-Appellants, v. ADVANCE MORTGAGE CORPORATION et al., Defendants-Appellees.

(No. 60749; )

First District (4th Division)—November 12, 1975.

Bender and Gerson, of Chicago, for appellants.

Arvey, Hodes, Costello & Burman, Gomberg and Sharfman, Ltd., Trude, Martin, Lundeberg & Wardecker, Sonnenschein, Carlin, Nath & Rosenthal, Ruff & Grotefeld, Teitelbaum, Wolfberg, Guild & Toback, Lord, Bissell & Brook, Righeimer, Righeimer & Martin, Springer, Carstedt & Kurlander, and Reyes and Lopez, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

On October 10, 1973, M. Stuart Goodman and his wife and other named plaintiffs, who were mortgage borrowers, filed their amended

complaint on behalf of themselves and all others similarly situated in the Circuit Court of Cook County asking for "restitution, accounting, injunction and other relief" against the Advance Mortgage Corporation and 11 other named mortgage lenders to recover certain interest and release fees which were alleged to be improperly charged when certain mortgage loans were prepaid in full.

The trial court granted the defendants' motion to dismiss "for want of equity" and denied the plaintiffs' motion to file a second amended complaint. No determination was made by the trial court as to whether this action was properly filed as a class action.

The issue on review is whether the amended complaint states a cause of action in equity for unjust enrichment.

The plaintiffs all borrowed principal sums of money from the defendants secured by real estate mortgages. The plaintiffs all signed notes typical of the one used by the First Federal Savings and Loan Association of Berwyn, which states in pertinent part:

> "Said principal and interest shall be paid in monthly installments of [amount] on the first day of each month, commencing with [date] until this note is fully paid. Said monthly payments shall be first applied to interest and the balance to principal. Interest for each month shall be added to the unpaid balance on the first day of each month at the rate of one-twelfth (1/12) of the annual interest rate and shall be calculated upon the unpaid balance due as of the last day of the preceding month."

The note was secured by a mortgage which contained the following language:

> "To secure the payment of a certain indebtedness from the Mortgagor to the Mortgagee evidenced by a note made by the Mortgagor in favor of the Mortgagee, bearing even date herewith in the sum of which note, together with interest thereon as provided by said note, is payable in monthly installments of [amount] on the first day of each month, commencing with [date] until the entire sum is paid."

In each case the loan evidenced by the note and secured by the mortgage was prepaid in full during the middle of a month in which the interest for the entire month had already been paid. No interest was refunded to the borrowers at the time of their prepayment. In addition a release fee was charged to the borrowers at the time a release deed was delivered to the borrowers.

The plaintiffs first contend the defendants were unjustly enriched with respect to the interest collected from the date of prepayment until the

end of the month in which prepayment occurred. They rely on language in the notes which provides that interest is to be paid until the note is "fully paid." Thus they make a distinction between a "payment clause" (interest shall be paid * * * until this note is fully paid), and a "computation clause" (interest for each month shall be added to the unpaid balance on the first day of each month at the rate of one-twelfth (1/12th) of the annual interest rate and shall be calculated upon the unpaid balance due as of the last day of the preceding month).

The plaintiffs acknowledge that the law permits the interest to be collected in advance but argue the defendants have not earned the prepaid monthly interest when the loan is fully paid prior to the end of the month. The plaintiffs conclude the defendants have been unlawfully collecting and retaining "unearned" interest.

The defendants contend they have a right to enforce their contractual agreements specifically authorized by the Illinois Legislature. Section 5-4 of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1971, ch. 32, § 794) provides in part:

"(a) Direct Reduction of Principal: Such plan shall provide for regular payments which will completely amortize the indebtedness, including principal, interest, or interest and premium, advances, and other charges authorized by this Act, with payments to be made in such amount or amounts and at such time or times as may be agreed upon. If the loan is to be repaid on the monthly direct reduction of principal plan, the balance shall be determined monthly, and interest or interest and premium may be charged on the preceding monthly balance at one-twelfth of the annual rate, and added to such balance, together with any advances made by the association; and from such total indebtedness, payments made by the borrower shall be deducted, and such payments shall be applied first to interest or interest and premium."

■■ The provision for payment of interest on the first day of the month was part of the original loan agreement between the parties and constituted part of the consideration received by the mortgagees for granting the loans to the plaintiffs. The contract is unambiguous as written and does not support the attempt to label certain language as being a "payment clause" or a "computation" clause. The contract clearly provides that interest is to be paid on the first day of each month until the loan is fully paid. There is no provision for a rebate of interest.

In *Lustgarten v. First Federal Savings & Loan Association* (1963), 42 Ill.App.2d 86, the court affirmed the trial court's dismissal of the com-

plaint for failure to state a cause of action holding that the language of the mortgage note contemplated the payment of interest in advance rather than after it had accrued. It is clear from *Lustgarten* that the interest payment is contractual, and the contract calls for the payment of each month's interest based upon the rate times the balance due at the end of the preceding month. No claim of usury has been made and this court will not rewrite an unambiguous contract to restate the consideration.

■■ The plaintiffs next contend the defendants were unlawfully enriched by collecting a release fee which was not provided for in the note. They contend that Section 2 of "An Act relating to mortgages * * *" (Ill. Rev. Stat. 1971, ch. 95, § 52), is controlling and that it does not provide for the payment of a release fee:

> "Every mortgagee of real property * * *, having received full satisfaction and payment of all such sum or sums of money as are really due to him from the mortgagor, * * * shall, at the request of the mortgagor, * * * make, execute and deliver to the mortgagor * * * an instrument in writing * * * releasing such mortgage * * *."

The plaintiffs' argument, however, ignores section 4 of the same Act. It provides for the payment of reasonable charges for the execution of a release deed:

> "If any mortgagee or trustee, in a deed in the nature of a mortgage, of real property, or his executor or administrator, heirs or assigns, knowing the same to be paid, shall not, within one month after the payment of the debt secured by such mortgage or trust deed, and request and tender of his reasonable charges, release the same, he shall, for every such offense, forfeit and pay to the party aggrieved the sum of $50.00, to be recovered in a civil action before a circuit court."

Although the note and mortgage agreements are silent with respect to a release fee, the statutory framework in existence at the time clearly contemplates the payment of reasonable charges as a condition precedent to the obligation of executing a release. In this case the release fees were paid in return for actual services, namely the preparation of the release documents and the cancellation of the mortgage and note, and it has not been alleged the actual charges were unreasonable.

None of the plaintiffs objected at any time to the terms of the repayment statement or requested an adjustment or refund of either the interest or release fee. We hold the cause of action was properly dismissed by the trial court.

311

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.