EDWARD WISHNOFF et al., Plaintiffs-Appellants, v. GUARDIAN SAVINGS AND LOAN ASSOCIATION et al., Defendants-Appellees.

(No. 60733; ■■■■■■■■■■ .

First District (4th Division)—November 12, 1975.

Fred I. Shandling, of Ardell, Shandling, Greenberg & Fohrman, of Chicago, for appellants.

Gomberg and Sharfman, Ltd., of Chicago (David L. Gomberg, Robert J. Sharfman, and Lawrence A. Gold, of counsel), for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiffs, Edward and Sylvia Wishnoff, filed this action on behalf of themselves and all other persons similarly situated against Guardian Savings and Loan Association (Guardian) and nine other lending institutions to recover certain interest and release fees alleged to be improperly charged when certain mortgage loans were prepaid in full. On March 21, 1974, the trial court entered an order dismissing all defendants other than Guardian with prejudice. On May 23, 1974, the court sustained Guardian's motion to strike and dismiss plaintiff's amended complaint. The order further recited that there was no just reason to delay enforcement on appeal of this order or the order of March 21.

The facts which gave rise to this cause of action are not in dispute. In March 1970, the Wishnoffs borrowed $30,000 from defendant Guardian. They signed a promissory note and secured the loan by a mortgage on certain real estate. The note and mortgage provided that an installment of $246.29 was to be paid on the first day of each month for a specified time. Part of that sum constituted a repayment of principal and part was interest.

In July of 1973, the Wishnoffs paid the interest and principal for the

month as required. Later that month they elected to pay off the remaining balance of the loan. There is no dispute that under the provisions of their note, plaintiffs had the right to repay the entire outstanding principal at any time. No interest was refunded to plaintiffs for interest collected during that part of July after which the loan was fully paid.

Plaintiffs first contend that any interest collected by Guardian for a time period subsequent to full payment of the loan was unearned and should have been refunded. They argue that defendant's practice of collecting a full month's interest for the month in which the loan is repaid in full has unjustly enriched defendant and resulted in assessments of interest of a rate up to 20% per annum. The issue presented is whether plaintiffs' amended complaint states a cause of action in equity for unjust enrichment and for an accounting.

Central to the instant controversy is the promissory note signed by plaintiffs. It provides in pertinent part as follows:

"Said principal and interest shall be paid in monthly installments of Two Hundred Forty Six and 29/100 or more dollars ($246.29) on the first day of each month, commencing with April 1, 1970 until this note is fully paid.

Said monthly payments shall be first applied to interest and the balance to principal. Interest for each month shall be added to the unpaid balance on the first day of each month at the rate of one-twelfth (1/12th) of the annual interest rate and shall be calculated upon the unpaid balance due as of the last day of the preceding month."

Additionally, the note was secured by a mortgage which contained the following language:

"To secure the payment of a certain indebtedness from the Mortgagor to the Mortgagee evidenced by a note made by the Mortgagor in favor of the Mortgagee, bearing even date herewith in the sum of Thirty Thousand and No/100 Dollars ($30,000.00), which note, together with interest thereon as provided by said note, is payable in monthly installments of Two Huundred Forty Six and 29/100 or more dollars ($246.29) on the first day of each month, commencing with April 1, 1970 until the entire sum is paid."

Plaintiffs acknowledge that interest may be collected in advance. However, they emphasize that interest generally is considered to be compensation for the use of another's money. The gist of plaintiffs' argument is that they have paid interest for a future period as to which they have not had the benefit of the principal. Thus, they argue that since they did not use defendants' money for the last part of July, the prepaid

interest was unearned and should have been refunded. We are not in accord.

■■ The Illinois Savings and Loan Act provides that interest is to be charged and collected in accordance with the expressed language of the note. (Ill. Rev. Stat. 1971, ch. 32, par. 794.) Thus, it is clear that the payment of interest is determined by the contract between the borrower and the lender. The instant note is clear and unambiguous. It provides that interest payments shall be made on the first of the month. There is no provision for a rebate of interest upon prepayment of the loan. It is true, as plaintiffs point out, that they paid interest for a period during which there was no outstanding principal. However, it does not follow that the interest for that period was unearned. Earned interest is that to which the parties agree. Plaintiffs in effect contracted for the use of principal on a monthly basis with each month's interest to be paid in advance. We fail to comprehend how the interest for the entire month of July was any less earned merely because plaintiffs chose not to make full use of the principal. They were aware that by paying the principal on the first of the month the interest payment would have been obviated.

■■ We may not rewrite the contract. In the absence of ambiguous language, this court has no legal basis to support a judicial reformation of a commercial agreement. In *Lustgarten v. First Federal Savings & Loan Association*, 42 Ill.App.2d 86, 191 N.E.2d 434, the plaintiff asserted that it was illegal to require the payment of interest on the first of the month, since interest was due only as it accrued and no interest accrued as of the first of the month. The plaintiff argued that this practice resulted in an overcharge of an extra month's interest. The court rejected this argument and held that the agreement of the parties contemplated the payment of interest in advance rather than after it had accrued. (See also *Crowley v. Kolsky* (Tenn.App. 1900), 57 S.W. 386; *Shelly v. Bristol Sav. Bank* (1893), 63 Conn. 83, 26 A.474.) In *Fortson v. Burns* (Tex. Civ.App. 1972), 479 S.W.2d 722, cited by plaintiffs, the note did not contain a provision for payment of interest in advance and is distinguishable on the facts.

■■ Plaintiffs next contend that the $15 release fee collected upon repayment of the loan has unjustly enriched defendant. They point out that neither the note nor the mortgage provide for the collection of such a fee. Plaintiffs further argue that section 2 of "An Act relating to mortgages * * *" is controlling and that said section prohibits the collection of a release fee. Section 2 provides that:

> "Every mortgagee of real property * * * having received full satisfaction and payment of all such sum or sums of money as

are really due to him from the mortgagor * * * shall, at the request of the mortgagor * * * make, execute and deliver to the mortgagor * * * an instrument in writing * * * releasing such mortgage * * *." (Ill. Rev. Stat. 1971, ch. 95, par. 52.)

While section 2 does not authorize the collection of a release fee, section 4 of the same act clearly contemplates such a charge. Section 4 provides:

"If any mortgagee or trustee, in a deed in the nature of a mortgage * * * knowing the same to be paid, shall not, without one month after the payment of the debt secured by such mortgage or trust deed, and *request and tender of his reasonable charges,* release the same, he shall, for every such offense, forfeit and pay to the party aggrieved the sum of $50.00, to be recovered in a civil action before a circuit court." (Emphasis added.) Ill. Rev. Stat. 1971, ch. 95, par. 54.

The record shows that Guardian did execute and deliver a release deed to plaintiffs. The note and mortgage were duly cancelled. It is not contended that the charge of $15 for that service is unreasonable. We fail to see any merit to plaintiffs' contention and hold that the dismissal of the amended complaint was proper.

In view of our decision on the merits, we need not consider plaintiffs' contention that other defendants were improperly dismissed with prejudice. For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.