CHARLES BEATY *et al.*, Plaintiffs-Appellants, *v.* LAND OF LINCOLN SAVINGS AND LOAN, Defendant-Appellee.

First District (3rd Division)   No. 83—3008

Opinion filed August 29, 1984.

Tenney & Bentley, of Chicago (Edwin H. Conger and Marc H. Ginsberg, of counsel), for appellants.

Lillig, Kemp & Thorsness, Ltd., of Oak Brook (Armand E. Capanna and Russell R. Custer, Jr., of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Charles and Kay Beaty, brought this class action on behalf of themselves and others similarly situated against defendant Land of Lincoln Savings and Loan, an Illinois corporation. Plaintiffs alleged that defendant wrongfully collected interest on their mortgage loan for an entire month when the loan was completely prepaid on the second day of the month. The trial court granted defendant's motion to dismiss the complaint in its entirety, and plaintiffs appeal.

The facts are undisputed. On November 27, 1981, plaintiffs pur-

chased a home and assumed a $75,000 mortgage note held by defendant. The note provided for monthly installments of $752.85 on the first day of each month until April 1, 1984, when all principal and interest were due. The note specified the computation of interest as follows:

> "Said monthly payments shall be first applied to interest and the balance to principal. Interest for each month shall be added to the unpaid balance on the first day of each month at the rate of one-twelfth (1/12th) of the annual interest rate and shall be calculated upon the unpaid balance due as of the last day of the preceding month *and shall be considered earned as of the first day of each month.*" (Emphasis added.)

The note also provided:

> "We understand and agree that if advance payments are made, or if the entire balance of this Note is prepaid at any time, no additional interest charge will be required for such payment.

> \* \* \*

> We further understand that payments on the within note may be made at any time during the month when due without being considered delinquent."

On June 2, 1983, plaintiffs paid off the principal and were required to pay interest for the entire month of June. On June 14, 1983, they filed this four-count complaint alleging that defendant charged, collected and retained interest on fully prepaid notes; received unlawful interest, discounts and charges in violation of section 6 of "An Act in relation to the rate of interest \*\*\*" (Ill. Rev. Stat. 1983, ch. 17, par. 6413); imposed a prepayment penalty in violation of section 4 (Ill. Rev. Stat. 1983, ch. 17, par. 6404(2)(a)); and knowingly charged and retained prepaid interest and received unlawful interest, discounts and charges in violation of section 6 (Ill. Rev. Stat. 1983, ch. 17, par. 6413).

■ Plaintiffs first contend that interest is compensation for the loan or use of money and when the principal is fully paid the interest is no longer earned. Defendant relies on the contract language that interest for the month is earned on the first day of the month.

The collection of interest in advance is allowed in Illinois. (*Maxwell v. Willett* (1893), 49 Ill. App. 564.) Plaintiffs maintain, however, that they are entitled to a refund of interest paid in advance when the principal is prepaid.

A similar argument was unsuccessfully addressed to this court in *Goodman v. Advance Mortgage Corp.* (1975), 34 Ill. App. 3d 307, 339

N.E.2d 257, and *Wishnoff v. Guardian Savings & Loan Association* (1975), 34 Ill. App. 3d 107, 339 N.E.2d 494. Dealing with a contract similar to that in the present case, the court found the contract language controlling. In *Wishnoff,* the court stated:

> "Earned interest is that to which the parties agree. Plaintiffs in effect contracted for the use of principal on a monthly basis with each month's interest to be paid in advance. We fail to comprehend how the interest for the entire month of July was any less earned merely because plaintiffs chose not to make full use of the principal." 34 Ill. App. 3d 107, 110.

Plaintiffs attempt to distinguish the holdings in *Goodman* and *Wishnoff* from the present case by arguing that the note here was ambiguous. They point to the clause which provides that payments on the note may be made at any time during the month, while the payments in the foregoing cases had to be made on the first day of the month. Plaintiffs also rely on the clause which states that there will be no additional charge for prepayment. According to plaintiffs, these provisions create an inconsistency and allow for an interpretation that interest is not earned until the end of the month.

We believe, however, that plaintiffs confuse the time when interest is earned with the time interest may be paid. The fact that the note provides a one-month grace period for each installment payment does not affect the clear language of the contract. Plaintiffs are bound by their agreement with defendant that interest "shall be considered earned as of the first day of each month."

■ Plaintiffs also challenge defendant's retention of interest, claiming it is a prepayment penalty in violation of section 4(2)(a) of "An Act in relation to the rate of interest ***." (Ill. Rev. Stat. 1983, ch. 17, par. 6404(2)(a).) Having determined that defendant earned interest for the month of June on the first day of the month, we find that defendant did not charge a prepayment penalty. Defendant collected only those monies due under the terms of the note.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiffs' complaint is affirmed.

Judgment affirmed.

RIZZI, P.J., and WHITE, J., concur.