MICHAEL K. CAROLLO *et al.*, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants, v. FINANCIAL FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.

First District (1st Division) No. 1—87—3879

Opinion filed May 8, 1989.

Robert D. Kreisman, Steven D. Rakich, and Lee M. Weisz, all of Kreisman & Rakich, of Chicago, for appellants.

William J. Gibbons and Mark S. Mester, both of Latham & Watkins, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Michael K. Carollo and Nancy L. Carollo, filed an action on behalf of themselves and all other persons similarly indebted on mortgage loans to the defendant, Financial Federal Savings and Loan Association (Financial Federal). Plaintiffs appeal from the granting of a motion to dismiss their complaint against defendant. In their complaint plaintiffs contend that Financial Federal breached the mortgage loan agreement between it and plaintiffs by requiring plaintiffs to pay a full month's interest upon plaintiffs' mid-month prepayment in full of their mortgage loan to Financial Federal.

The facts are undisputed. On November 13, 1979, plaintiffs entered into a mortgage loan agreement with Financial Federal whereby plaintiffs borrowed $55,100 from Financial Federal. Plaintiffs' note of indebtedness to Financial Federal was secured by a mortgage on a new residence acquired by plaintiffs located in Lynwood, Illinois. The note provided that plaintiffs were to repay their indebtedness to Financial Federal by making monthly installment payments of $511.69 from January 1, 1980, through December 1, 2008. An interest charge of $10\frac{5}{8}\%$ per annum was assessed on the unpaid

principal balance. Monthly installments on the note were due on the first day of each month over the course of the term of the note.

From January 1980 through October 1986, plaintiffs made monthly installments to Financial Federal, as required by the note. On November 3, 1986, plaintiffs notified Financial Federal that they wished to prepay their indebtedness on the note since they were in the process of selling their house. Plaintiffs were advised by Financial Federal that the amount necessary to prepay their indebtedness through November 30, 1986, was $52,729.43. This amount consisted of the outstanding principal balance of $52,246.89 plus the $925.20 interest due on the outstanding balance for the months of October and November 1986, together with a release fee of $50, minus the accumulated balance in the escrow account of $492.66. On November 15, 1986, Financial Federal received a check from plaintiffs in the amount of $52,729.43.

On July 13, 1987, plaintiffs filed a complaint alleging that Financial Federal had breached the mortgage loan agreement in connection with the charging of interest for the full month of November 1986, following plaintiffs' prepayment of the entire loan amount on November 15, 1986. Plaintiffs sought to bring their action against Financial Federal on behalf of themselves and all others similarly situated. The trial court, after reviewing the briefs filed by the parties and hearing oral argument, granted Financial Federal's motion to dismiss plaintiffs' complaint and plaintiffs appeal.

 Plaintiffs argue on appeal that Financial Federal's policy of requiring mortgagors to pay interest on their outstanding loan balance for an entire monthly period, even though they have completely paid off their loan prior to the end of such monthly period, constitutes a violation of the provisions of the standard mortgage and loan documents used by Financial Federal for home mortgage transactions. Financial Federal maintains that the agreement between the parties specifically contemplates the charging of a full month's interest upon the premature, mid-month retirement of the plaintiffs' indebtedness.

The practice of charging interest in advance on mortgage loans has repeatedly been upheld by Illinois courts. (*Beaty v. Land of Lincoln Savings & Loan* (1984), 127 Ill. App. 3d 248, 468 N.E.2d 1259; *Wishnoff v. Guardian Savings & Loan Association* (1975), 34 Ill. App. 3d 107, 339 N.E.2d 494; *Goodman v. Advance Mortgage Corp.* (1975), 34 Ill. App. 3d 307, 339 N.E.2d 257.) In *Wishnoff*, the plaintiffs prepaid the monthly interest in advance on their mortgage loan and later in the month elected to pay off the remaining balance on the loan, but they did not receive a refund for the interest collected dur-

ing that part of the month after which the loan was fully paid. The plaintiffs brought an action for unjust enrichment and for an accounting. This court held that the plaintiffs were not entitled to a partial refund of interest where the terms of the mortgage note provided that monthly interest was payable in advance on the first of the month. The operative language of the mortgage note provided:

> "Interest for each month shall be added to the unpaid balance on the first day of each month at the rate of one-twelfth ($1/12$) of the annual interest rate and shall be calculated upon the unpaid balance due as of the last day of the preceding month."

In rejecting the plaintiffs' contention that the portion of the prepaid interest allocable to the part of the month during which there was no outstanding principal was "unearned," the court held that interest was to be charged and collected in accordance with the language of the debt instrument. Since the subject note provided for the payment of monthly advance interest and did not contain a provision for a rebate of interest upon prepayment of the loan, the interest was "earned" within the terms of the parties' contract. The court noted that the plaintiffs could have obviated the interest payment by paying the principal on the first of the month. The court stated:

> "There is no provision for a rebate of interest upon prepayment of the loan. It is true, as plaintiffs point out, that they paid interest for a period during which there was no outstanding principal. However, it does not follow that the interest for that period was unearned. Earned interest is that to which the parties agree. Plaintiffs in effect contracted for the use of principal on a monthly basis with each month's interest to be paid in advance. We fail to comprehend how the interest for the entire month *** was any less earned merely because plaintiffs chose not to make full use of the principal." *Wishnoff*, 34 Ill. App. 3d at 110, 339 N.E.2d at 496.

A similar factual situation was presented to this court in *Goodman*. There the plaintiffs relied on virtually identical contract language as was present in *Wishnoff*. This court affirmed the judgment of the trial court dismissing plaintiffs' complaint. The court observed that the parties in their loan agreement had clearly provided for the collection of monthly interest in advance. This arrangement was part of the consideration received by the defendant financial institution for granting loans, and the agreement of the parties did not contain a provision for a rebate of interest upon prepayment of the loan. Therefore, the court held that the lender could collect interest in advance. See also *Beaty v. Land of Lincoln Savings & Loan* (1984), 127 Ill.

App. 3d 248, 468 N.E.2d 1259.

The Illinois Savings and Loan Act provides that interest is to be charged and collected in accordance with the language of the loan agreement. (Ill. Rev. Stat. 1983, ch. 17, par. 3138.) It is clear that the payment of interest is determined by the contract between the borrower and the lender. In the case at bar, paragraph 6 of the loan information sheet executed by the plaintiffs states that in the case of the collection of advance payments, "interest for these advance monthly payments will be charged automatically." Paragraph 4 of the note executed by the plaintiffs provides, in part, that the

> "[b]orrower may prepay the principal amount outstanding in whole or in part. The Note holder may require that any partial prepayments (i) be made on the date monthly installments are due."

Further, paragraph 1 of the note provides that monthly installment payments are due on the first day of each month. From our reading of these provisions, the loan agreement required that prepayments were to be made on the first day of the month and interest, as a component of such prepayments, was to be charged and collected automatically at the time the prepayment was made. The loan agreement of the parties clearly contemplated the payment of interest in advance rather than after it had accrued. Further, there was no provision for a rebate of interest. The payment of interest on the first day of the month constituted part of the consideration received by Financial Federal for granting the loan to plaintiffs. Accordingly, it is our opinion that the charging and collection of interest for the entire month of November was justified since plaintiffs did not make their prepayment on November 1, 1986, as required by the terms of their loan agreement.

■ Plaintiffs argue that the language of the mortgage loan agreements relied upon in *Wishnoff* and *Goodman* is virtually identical, but the loan agreement here does not contain the same language. From our review of the agreement of the parties here, as did the agreements construed in *Wishnoff* and *Goodman*, it provided that interest would be charged on the borrower's account at the beginning of each installment period from the date the note was executed. Although the language of the loan agreement is not identical to that in *Wishnoff* and *Goodman*, the contract clearly provided that interest was to be paid "automatically" on the first day of each month until the loan was fully paid. There was no provision for a refund of interest collected during that part of the month after which the loan was fully paid. In our judgment, the language of the loan agreement is

clear and sufficient to bind the parties. In the absence of ambiguous language, this court has no legal basis to support a judicial reformation of a commercial agreement. (*Lustgarten v. First Federal Savings & Loan Association* (1963), 42 Ill. App. 2d 86, 191 N.E.2d 434.) Since the loan agreement in the case at bar contemplated the charging of interest in advance and provides that interest will be charged automatically on prepayments, Financial Federal was entitled to charge and collect interest on plaintiffs' loan for the month of November 1986.

■ Plaintiffs contend that Item 2 of the loan information sheet provided by defendant supports their claim that the defendants have not earned the prepaid monthly interest when the loan is fully paid prior to the end of the month. Item 2 provides that "interest on your mortgage loan is collected in arrears." From our reading of this provision, it pertains to the collection of late interest payments and does not preclude defendant from charging interest on plaintiffs' loan as of the first day of the month. The note executed by the parties specifically provides that payment of the principal and interest is due on the first day of each month. Although Item 2 does provide that interest is collected in arrears on ordinary monthly installments, collection of interest on advance payments is governed by Item 6 of the loan information sheet, which provides that interest will be charged "automatically." Accordingly, interest was charged in advance on the principal balance on the date the loan agreement was consummated, and thereafter, the interest for each installment period was charged to the plaintiffs at the beginning of each installment period and was collected at the end of the installment period. The interest on plaintiffs' loan for November 1986, the month in which plaintiffs prepaid their loan, was charged to plaintiffs on November 1, 1986. Therefore, Financial Federal did not violate the loan agreement by charging interest for the entire month of November 1986, since the interest was charged to plaintiffs on November 1, 1986. Under the terms of the loan agreement, interest was charged in advance on regular payments but collected in arrears on late payments.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiffs' complaint is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.